UNITED STATES of America

v.

Walter C. LOHMAN, Jr.

UNITED STATES of America

v.

Everst Melvin HUPMAN.

Crim. Nos. 2705, 2707.

United States District Court,
S. D. Ohio, W. D.

June 19, 1953.

Ray J. O'Donnell, U. S. Dist. Atty., Columbus, Ohio, for plaintiff. Joseph C. Bullock, Asst. U. S. Atty., Cincinnati, Ohio, of counsel.

J. Paul Prear, Dayton, Ohio, David Scribner, New York City, Donner, Kinoy & Perlin, New York City, for defendants.

CECIL, District Judge.

These cases are pending before the Court on identical motions of the defendants, seeking orders from the Court as follows: First, to dismiss the indictments; Second, for a continuance; Third, for inspection of certain documents, etc., and Fourth, for a bill of particulars.

Rule 12 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides for the filing of motions before trial. Subdivision (b), par. (3) of this rule provides "The motion shall be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter".

On December 17, 1952, subsequent to the entering of pleas herein, and without consent of the court, defendants filed motions seeking orders similar to those now requested by the motions before the Court. The motions of December 17 were heard by Martin, Circuit Judge, sitting in this court by designation. Judge Martin wrote a very comprehensive decision upon the motions heard by him, which is filed in the respective cases herein. He overruled the motions in their entirety, except that portion by which counsel for defendants sought the inspection of records. In this regard, he stated that the United States Attorney had agreed to submit such documents as he had for inspection.

The grounds of the motions now before the Court, with the exception of the request for a continuance, have been passed upon by Judge Martin in his decision on the previous motions. Further than this, the motions have not been filed in accordance with Rule 12, above quoted. The reason stated for filing the motions at this time, as to the first branch thereof, is that there have been decisions subsequent to the decision of Judge Martin, which are in point.

The first branch of the motions attacks the sufficiency of the indictments. It was stated by Mr. Perlin, counsel for the defendants, that "the essential ingredients are one, there must be a statement, a writing, a representation, oral or written, second, that statement must be false; third, reading these statutes together, that statement must be filed with the NLRB. That is a requirement. This is a filing statute. That is the nature of this type of statute, a statute which requires filing, and until there is a filing, there is nothing. In addition to that, it must concern a matter within the jurisdiction of NLRB; it has to be a subject matter that the NLRB has power to act."

Testing both counts of the indictment by these requirements, we find that it is alleged that the defendants in an "affidavit of Non-Communist Union Officer" made a "false, fictitious and fraudulent statement and representation". It also alleges that the affidavit is in a matter within the jurisdiction of the National Labor Relations Board. It does not allege that the affidavit was filed.

Section 159, Subdivision h of Title 29, of the Labor Act, 29 U.S.C., does provide for the filing of such affidavit be-

fore certain privileges or rights shall be available.

The prosecution is under Section 1001 of Title 18 of the United States Code.

It is the opinion of this Court that it is not necessary to allege in the indictment that the affidavit was filed. It is sufficient if the indictment alleges an offense under Section 1001 above cited. The matter of filing is evidentiary.

Mr. Perlin then states "Two other final requirements that the statement made and alleged to be false and filed with the NLRB must be material and the falsity must be as to a material matter."

The indictment does not use the word "material" but certainly the facts as alleged in the indictment show the materiality of the alleged false representation.

Referring to Section 159, Subdivision h of the Labor law above cited, it is found that unless such an affidavit containing an allegation that the affiant is not a member of the Communist party, etc., "no complaint shall be issued pursuant to a charge made by a labor organization under subsection b of section 160 of this title."

Mr. Perlin further argued "Finally, there must be an intent, a criminal intent. That criminal intent must mean an attempt to misuse the processes of the NLRB. There are no facts whatsoever from which any criminal intent, other than the bold insertion of the words 'knowingly', 'wilfully', which constitutes the words 'criminal intent' being set forth. There is no allegation they attempted to use it".

Section 1001, supra, uses the language "knowing the same to contain any false, fictitious or fraudulent statement or entry."

There is a very close relation between knowledge and intent. They are both conditions of the mind. The in-dictments do allege that the defendants knew the statements claimed to have been made by them were false. It is presumed that a person intends the natural and probable consequences of his own wilful acts. There is no magic in the use of a word and this Court is of the opinion that it is not necessary to specifically use the word "Intent" in the indictments.

The case of Rolland v. United States, 5 Cir., 200 F.2d 678, is cited in support of counsel for defendants' claim that the indictments are insufficient. Here an indictment was held insufficient because it was not alleged that the false statements were material. Reading from the indictment in this case, one cannot determine that the false statements alleged to have been made were material.

Counsel for defendants have also cited the case of United States v. Debrow, 5 Cir., 203 F.2d 699. In this case it was held that an indictment was insufficient in a perjury charge for the reason that it did not allege before whom the oath was taken and that such person had authority to administer an oath. In this case the perjury was based on an oral oath. This Court is of the opinion that there is a distinction between an oral and a written affidavit. The written affidavit is documentary and may be seen by the defendants and their counsel and indeed in these cases at bar the affidavits have been seen.

It is the opinion of the Court that the indictments herein, measured by the test set forth by Judge Martin, are sufficient. Quoting ample authority, he stated "that an indictment was sufficient if it contained all elements of the offense charged and sufficiently apprised the accused of what he must be prepared to meet so that judgment would be a bar to further proceedings for the same offense whether the indictment was a model pleading and regardless of whether it could have been made more definite and certain".

For the reasons above stated, the first branch of the motions now before the court will be overruled.

██ The second branch of the motions, seeking a continuance will also be overruled. This is a matter that is discretionary with the Court, and as stated by Mr. Perlin in his affidavits, a decision of the United States Court of Appeals will not be finally dispositive of all the issues in the cases at bar.

The third branch of the motions seeking inspection of certain records, etc., has been complied with in the opinion of the Court. On the twenty-first day of May, 1953, at the time these motions were heard in Cincinnati, counsel for the Government, in open court, presented such papers as would constitute a compliance with this request, so far as the Court was able to ascertain from the statements of counsel. As the Court left the bench, counsel for defendants were given an opportunity to inspect such records as were presented.

The fourth branch of the motions will be overruled for the reason that Judge Martin in his decision on the previous motions, passed upon the question of a bill of particulars. The requests made herein for further particulars are almost identical with the requests made in the original motions. Judge Martin passed not only upon the substance of the request, but the law pertaining to such requests as well.

Orders may be drawn in these cases, in accordance with the rulings herein.

As announced from the bench in Cincinnati on May 21, 1953, the Hupman case was set for trial to be held in Cincinnati on August 3, 1953, at 10:00 o'clock A. M.

Oral motions to increase the bonds in these cases to $25,000 were made by counsel for the Government at a scheduled hearing of these motions on the eighth day of May, 1953. These oral motions are still pending before the Court, but in view of the early trial date of the Hupman case, the Court sees no immediate need to pass upon the motion.