James GRESHAM, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 14812.

United States Court of Appeals
Ninth Circuit.

April 2, 1956.

**928**

Walter L. Gordon, Jr., Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Leila F. Bulgrin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and FEE, Circuit Judges, and FOLEY, District Judge.

## PER CURIAM.

Appellant, James Gresham, was indicted for violating 18 U.S.C.A. § 1709, pleaded not guilty and had a jury trial. The trial occupied parts of three days—February 23, February 25 and February 28, 1955. The jury was impanelled on February 23. On February 25, evidence was received, the case was argued, and the court gave part of its charge to the jury. On February 28, the court charged the jury further, and the jury retired to consider its verdict at 9:09 a. m., returned to the courtroom at 2:20 p. m., received further instructions,[1] retired at 2:55 p. m., returned to the courtroom at 4:00 p. m., received further instructions[2] and retired at 4:15 p. m. Thirty minutes later it returned a verdict of guilty. On that verdict, a judgment was entered sentencing appellant to be imprisoned for three years. This appeal is from that judgment.

Appellant contends that, by the instructions last above mentioned, the jury was coerced into arriving at a verdict. On that ground alone, he seeks reversal of the judgment.

 In the trial court, appellant did not, at any time, object to any of the instructions or state any ground of such an objection.[3] Hence we are not required to consider his contention.[4] However, we have considered it[5] and have found no merit in it.

Judgment affirmed.

1. These instructions thus became a part of the charge.

2. These instructions thus became a part of the charge.

3. See Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

4. Ziegler v. United States, 9 Cir., 174 F. 2d 439; Brown v. United States, 9 Cir.,

201 F.2d 767. See also Bridgman v. United States, 9 Cir., 183 F.2d 750; Enriquez v. United States, 9 Cir., 188 F.2d 313; Bateman v. United States, 9 Cir., 212 F.2d 61; Mitchell v. United States, 9 Cir., 213 F.2d 951; Brown v. United States, 9 Cir., 222 F.2d 293.

5. Cf. cases cited in footnote 4.