**John Irwin ROBERTS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15103.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1956.

---

468

Morris Lavine, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott and Bruce A. Bevan, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before ORR, FEE and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

Appellant has been convicted on two counts of a violation of title 18, U.S.C.A. § 1621 (perjury) and of a violation of title 18, U.S.C.A. § 1503 (influencing or injuring officer, juror, or witness).

In 1948 he was employed by a concern known as Builders Control Service, Inc. He was paid a certain amount of money for his services, but claimed that he was entitled to a much greater sum and brought suit to recover $477,805.00. He gave a deposition under oath in which he swore that he had entered into a written contract with his employer wherein the much larger salary was agreed to be paid. He also gave similar testimony under oath before the District Court.

The Government charged that no such written contract was ever entered into and that the statements of appellant, made under oath, were wilfully false and contrary to said oaths.

The charge of endeavoring to obstruct or impede the due administration of justice involved an alleged attempt of appellant to induce one Gladys Dutcher to aver falsely, under oath, in a proposed deposition that she had seen a written contract of employment executed by appellant and the Builders Control Service, Inc.

Three specifications of error are set out by appellant. We shall consider them in the order in which they appear in appellant's brief.

I

Complaint is made that the trial court erred in unduly restricting the defendant in his theory of defense and in excluding evidence offered for the purpose of showing specifically the type of activity that he conducted on behalf of Builders Control Service, Inc. Appellant's object, so he says, in endeavoring to elicit all the minute details of the work performed by him, to which the court finally called a halt, was to convince the jury that he, appellant, could not reasonably have been expected to perform such services for the salary paid. This information was being elicited on cross examination. The permissible extent and

range of cross examination is within the sound discretion of the trial court. A reading of the record convinces us that the court was quite liberal in the extent to which it allowed counsel for appellant to pursue this line of questioning. There was no problem of quantum meruit involved, but solely the existence or non-existence of a written contract. It seems quite apparent that the complex details which appellant endeavored to get into the record could have no other purpose than to confuse the jury. The limited extent to which the cross examination was controlled was not prejudicial. The ruling of the court in this respect impresses us as being consistent with proper and just trial procedure. Alford v. United States, 1931, 282 U.S. 687, 51 S. Ct. 218, 75 L.Ed. 624; ALI Model Code of Evidence, Rule 303.

## II

■ Appellant says that certain comments of the court to the jury after the case had been submitted were coercive. After receiving the case and deliberating for some considerable time the jury came into court and inquired as to whether it was permissible for them to agree on two counts and disagree on the third count. The Court answered the questions; it then stated to the jury that it had instructed the bailiff to take them to dinner when they were ready to go and also provide quarters for them overnight, and further remarked:

"The Court. I want to say that I do not expect to stay here all night waiting for the jury, and I presume you people are tired now after having been in conference since before lunch and probably you would like to rest. If that is satisfactory hotel accommodations will be provided for you.

"The Foreman. Thank you very much, your Honor.

"The Court. Because everybody else is waiting to go to dinner and the Court is also ready. When you go upstairs the first thing you should decide is whether you want to go to dinner now or later. If I don't hear from you by 5:30, I will direct the bailiff to take you out to dinner."

The jury then retired, whereupon the Court inquired of counsel whether they had any objection to the remarks made by the court to the jury. Appellant's counsel replied, "I believe it is all right." At 7:45 the same evening the jury returned a verdict of guilty, whereupon the Court in discharging them said:

"The Court. Ladies and Gentlemen, I wish to thank you for your patience in this case and also your patience with the Court for not letting you go earlier, but I felt there had been enough money spent in this case that we should try to arrive at a verdict."

We fail to discern wherein the remarks complained of could have had any coercive effect. In our opinion they amount to no more than an expression of a commendable concern on the part of the Court for the comfort and well being of the jury, as well as a desire, reasonably expressed, of a busy court to get on with the litigation before it. See Campbell v. United States, 9 Cir., 1915, 221 F. 186; Smith v. United States, 9 Cir., 1951, 188 F.2d 969; Gresham v. United States, 9 Cir., 1956, 232 F.2d 927.

## III

■ Appellant contends that the verdicts are contrary to law and the evidence. Noticing first the objection that the evidence is insufficient to support the verdict, suffice it to say that we have examined the record and find no merit in this contention. To demonstrate in this opinion that the evidence is sufficient would require incorporating a voluminous record—such a practice is neither desirable nor expedient.

■ Appellant argues that the first count of the indictment is barred by the statute of limitations, 18 U.S.C.A. § 3282. The crux of appellant's contention is that the Act of September 1, 1954, 68 Stat. 1145, amending 18 U.S.C.A. § 3282, extending the period from three years to five years, did not increase the limita-

tion period except as to certain noncapital offenses enumerated elsewhere in the same Act which related to crimes of government officials. We could, with propriety, refuse to pass upon this question on its merits, because appellant was given concurrent sentences of three years on each of the three counts in the indictment. The second and third count charged the commission of crimes in May and October, 1954, respectively, and are within three years of the October, 1955, indictment. The well settled principle of not reversing on one count where other counts sustain the punishment imposed is applicable here. But we have considered the question and are convinced it is without merit. United States v. Kurzenknabe, D.C.D.N.J.1955, 136 F.Supp. 17; Moyer v. Brownell, D.C.E.D.Pa.1956, 137 F.Supp. 594; United States v. Waggener, D.C.D.Colo.1956, 138 F.Supp. 107. See also United States v. Obermeier, 2 Cir., 1950, 186 F.2d 243.

It is also argued that the third count of the indictment is faulty in that it charged appellant with acts constituting obstruction of justice, whereas the evidence discloses no more than an attempt to suborn perjury; and therefore the rule that a conviction of an attempt to suborn perjury requires either two witnesses or one witness and corroborating circumstances is applicable. Also, that Mrs. Dutcher was not a "witness" within the meaning of 18 U.S.C.A. § 1503, as she had not been subpoenaed or subjected to any other process of the District Court at the time of the alleged illegal influence.

 Any corrupt endeavor to influence any party or witness, whether successful or not, constitutes obstruction of justice prohibited by said section. See Catrino v. United States, 9 Cir., 1949, 176 F.2d 884. The obstruction of justice statute is broad enough to cover the attempted corruption of a prospective witness in a civil action in a Federal District Court. Here the evidence discloses that appellant corruptly endeavored to influence, obstruct and impede the due administration of justice in his attempt to induce Mrs. Dutcher to give false testimony at the trial. Wilder v. United States, 4 Cir., 1906, 143 F. 433.

Judgment affirmed.