**UNITED STATES of America**

**v.**

**Fred HAUG.**

**UNITED STATES of America**

**v.**

**Marie Reed HAUG.**

**UNITED STATES of America**

**v.**

**James WEST, Edward Joseph Chaka, Andrew Remes, Hyman Lumer, Sam Reed, alias Louie Ladman, Eric Reinthaler, Fred Haug and Marie Reed Haug.**

Cr. Nos. 22225, 22226, 22230.

United States District Court
N. D. Ohio, E. D.
June 19, 1957.

On Motions for Reconsideration
Sept. 25, 1957.

24

Sumner Canary, U. S. Atty., Cleveland, Ohio, for plaintiff.

Stephen M. Young, Cleveland, Ohio, David Scribner, New York City, for Fred and Marie Reed Haug.

Fred Mandel, Cleveland, Ohio, for Eric Reinthaler.

WEICK, District Judge.

The eight defendants have been indicted for conspiracy to commit offenses against the United States by filing with the National Labor Relations Board false affidavits of non-Communist Union Officer (N.L.R.B. Form 1081). Title 18 U.S.C. § 1001, Title 18 U.S.C. § 371.

The defendants Fred Haug and Marie Reed Haug have also been separately indicted for filing false affidavits of non-Communist Union Officer with the National Labor Relations Board. 18 U.S.C. § 1001. These charges, among others, are set forth as overt acts in the conspiracy case.

The defendants Fred Haug and Marie Reed Haug have jointly filed motions in Case No. 22230 and separately in their individual cases as follows:

 1. To dismiss the indictments.

 2. For discovery and inspection under Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.

3. To require the United States Attorney to produce documents for inspection and copying under Rule 17.

4. For a Bill of Particulars.

5. To require the United States Attorney to furnish them with a list of the names and addresses of the witnesses.

A subpoena duces tecum was issued in each case to the United States Attorney under Rule 17(c). The Government has filed motions to quash the subpoenas.

The defendant Sam Reed has filed a motion to dismiss the indictment and an alternative motion for a Bill of Particulars and a motion for a list of Government witnesses.

The defendant Eric Reinthaler has filed a motion for a list of Government witnesses.

The defendants James West, Edward Joseph Chaka, Andrew Remes, Hyman Lumer and Sam Reed have filed petitions and motions asking the Court to assign counsel to represent them.

The motions to dismiss the indictments contain the following grounds:

(a) The statutes under which they were indicted are unconstitutional.

(b) The indictments are too vague and indefinite.

(c) The prosecutions are barred by the three year statute of limitations.

(d) The indictments split the alleged offense in separate counts and are fatally defective.

The defendants have not stressed grounds (a) and (b) since they admit (brief p. 40) that the identical grounds were raised and decided adversely to their contention by the Court of Appeals in Hupman v. United States, 6 Cir., 219 F.2d 243, certiorari denied 349 U.S. 953, 75 S.Ct. 882, 99 L.Ed. 1278.

■ The decision of the Court of Appeals in the Hupman case is binding on this Court.

The three year statute of limitations (18 U.S.C. § 3282) was extended to five years by an amendment thereto which became effective September 1, 1954. Section 10 of Public Law 769.

By its express terms, the amendment was applicable not only to offenses committed on and after the effective date thereof, but also to prior offenses, if on said date prosecution was not then barred.

The language of the amendment is clear and needs no judicial interpretation.

■ The amendment cannot be construed as an ex post facto law.

It does not make criminal any act which theretofore was innocent, nor does it affect the substantive rights of the defendants.

■ An accused does not acquire any vested right in a statute of limitations until it has operated to bar the prosecution of the offense with which he has been charged. He may not complain if the statute of limitations is extended so long as the period of time originally provided therein had not run at the time of such extension. United States v. Kurzenknabe, D.C., 136 F.Supp. 17; Roberts v. United States, 9 Cir., 239 F.2d 467.

The last ground of the motion to dismiss was not covered in the defendants' brief, but was treated by the Government in its brief. It related to the separate counts in the indictments in Case Nos. 22225 and 22226.

■ Since the charges made in the separate counts involved statements in the affidavits which had been made in the disjunctive, it was better practice to state the charges in two counts rather than in the alternative in a single count.

■ In their brief, defendants claim that the overt acts charged were not done in furtherance of the conspiracy.

The overt acts are properly pleaded. Whether or not they were committed in furtherance of the conspiracy is a factual

matter which will have to be determined at the trial.

The motions to dismiss the indictments in each case are, therefore, overruled.

The motions under Rule 16 were "to inspect and copy all books, papers and documents obtained from or belonging to said defendants or obtained from others by seizure or by process." The motions used the language of the rule.

The defendants did not specify any documents or papers in their motions. If any papers had been seized from the defendants, they would certainly know about it, and be able to describe them.

There was no showing that they are material to the preparation of the defense or that defendants' request was reasonable.

At a pre-trial conference the United States Attorney stated that the Government had obtained no documents from the defendants or others by seizure or process. The defendants have not shown that the Government seized any documents or papers or obtained any by process.

■ The history of Rule 16 indicates that it was intended to provide for only a limited discovery. This did not include opening up of the Government's files for inspection by all persons charged with crimes.

■ Under the circumstances, there is no basis upon which the Court would be justified in exercising its discretion by making an order to produce.

The motions under Rule 16 are, therefore, denied in each case.

The subpoenas under Rule 17(c) called for the production of all books, papers and documents obtained by or for the United States Attorney if they have been presented to the Grand Jury or are to be offered in evidence and also all Federal Bureau of Investigation reports, memoranda and communications pertaining to the investigation and prosecution of the defendants.

No specific documents or papers were described in the subpoena or motion.

This proceeding under Rule 17 is purely a fishing expedition.

The defendants apparently want to examine the Government's files in the hope of finding something which may aid them in their defense.

■ Rule 17 was never intended as a means of discovery, but merely to obtain, prior to the trial, documents in possession of the Government which could have been subpoenaed from others. Its purpose was to shorten the trial.

■ The matter is entirely within the discretion of the trial court. United States v. Bowman Dairy Co., 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879.

■ Here again there is no basis for the exercise of discretion by the Court because the defendants have filed a form motion without making any showing except that they have been charged with an offense.

The United States Attorney has agreed upon request to furnish the defendants with photostatic copies of the affidavits of non-Communist Union Officer upon which the charges are based. He also stated that the Government expected to offer in evidence a book entitled "Left Wing Communism & Infantile Disorder".

Defendants rely upon the recent decision of the Supreme Court in Jencks v. United States, 77 S.Ct. 1007.

The Jencks case does not support their position.

In the Jencks case the witnesses testified in court and the defendants were denied production of the statements of the witnesses for cross-examination and impeachment purposes at the trial. The Supreme Court held that the defendants were entitled to the statements. This is proper procedure even in civil cases.

Here the attempt is made for pre-trial production, not of specific documents, but for wholesale inspection of Government

files and Federal Bureau of Investigation reports.

Such production cannot be justified under the Jencks case and the Court will not order it.

The motions for production under Rule 17(c) are overruled in each case and the subpoenas are quashed.

 The indictment must be sufficiently definite so as to inform the defendant of the nature of the offense with which he has been charged so that he may make a proper defense.

 Upon examination of the motions for Bill of Particulars it is apparent that much of the information elicited calls for evidentiary matters which the Government is not required to disclose or facts within their own knowledge. United States v. Lohman & Hupman, D.C., 127 F.Supp. 432.

The motion of the defendants Fred Haug and Marie Reed Haug for a Bill of Particulars in Case No. 22230 is granted as to grounds 2, 5, 11a, 12a, 13, 14, 15 and 16 and overruled as to the residue.

The motions for Bill of Particulars in Case Nos. 22225 and 22226 are overruled.

The alternative motion of defendant Sam Reed for a Bill of Particulars is sustained as to (d) and overruled as to the residue.

The motion of defendant Eric Reinthaler for a Bill of Particulars is sustained as to 2, 5 and 6 and overruled as to the residue.

 The defendants are not entitled to be provided with a list of witnesses except in capital cases. United States v. Bryson, D.C., 16 F.R.D. 431; United States v. Schneiderman, D.C., 104 F. Supp. 405.

The motions to require the furnishing of the list of witnesses are, therefore, overruled in each case.

The Sixth Amendment to the Constitution guarantees to all persons charged with crime the right to be represented by counsel. No distinction is made concerning the political beliefs of such persons and even Communists are included within the protective clauses of the Constitution.

Rule 44 provides:

"Assignment of Counsel. If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

 The right to counsel is a substantial right and is not a mere empty gesture. Rule 44 provides for implementation by the court to make sure that the constitutional rights of a defendant are protected and enforced. It is the solemn duty of the court to comply strictly with the Constitution and the rule. Gadsden v. United States, 96 U. S.App.D.C. 162, 223 F.2d 627.

There is a correlative duty on the part of the bar to see that every accused, no matter how unpopular, is represented competently. Connelly v. United States District Court, 9 Cir., 191 F.2d 692.

While the duty of the Court and the bar is clear, Congress has not provided funds for the payment for counsel who may be assigned by the Court to represent indigent persons.

For many years the Bar of this Court has faithfully discharged its obligations under the law and provided competent legal services without compensation. Time after time counsel have been assigned to represent defendants in this Court and they have freely given of their time, effort, ability and have even incurred expense. They have advised accused persons of their legal rights and have appeared in Court and defended them.

The type of service required in the present case, however, is much greater than the ordinary criminal case for it has been estimated that the case will

take at least one month of trial. Preparation for trial will probably take several weeks time.

There are not many lawyers who can afford to pay their office rent and living expenses and spend one month to six weeks of their time away from their offices defending an accused person free of charge. The Court must be careful, in the exercise of its powers, not to inflict catastrophic loss on lawyers who can ill afford to bear it.

Certainly, the medical profession could not be expected to furnish doctors to devote months of their time free of charge in treating indigent persons, nor could carpenters, plumbers, merchants or other businessmen be expected to donate substantial items of goods or services gratuitously. This is a community responsibility which should be shared by every member of the public. It can be accomplished fairly by an act of Congress providing funds for the defense of the indigent.

The five defendants have filed sworn petitions or motions that they are not able to provide counsel for their defense. A hearing thereon was conducted in open court and each defendant was carefully questioned by the Court about his income, property and liabilities, but each defendant stoutly maintained that he was unable to provide counsel.

Appearance bonds were furnished by the defendants as follows:

| James West | $5,000 Bond $4,000 U. S. Treasury Bond and $1,000 Cash |
| --- | --- |
| Edward Joseph Chaka | $5,000 Bond Personal Sureties—Frank Chaka, Joseph Chaka and Mrs. Anna Chaka |
| Andrew Remes | $5,000 Bond U. S. Treasury Bonds in the amount of $5,000 |
| Hyman Lumer | $5,000 Bond U. S. Treasury Bonds in the amount of $5,000 |
| Sam Reed | $5,000 Bond $5,000 Cash |

It seemed to the Court that if the defendants could furnish bonds in such sizeable amounts in cash or Government securities that they ought to be able to employ their own counsel. Their answers were that they borrowed the cash or securities for the specific purpose of furnishing the bonds and were unable to borrow additional funds.

It is always better for a defendant to employ his own attorney if he is able to do so. The relationship between attorney and client is a highly confidential one and the client exercises a choice in selection which is not present when the Court is required to assign counsel.

Two attorneys affiliated with the American Civil Liberties Union have volunteered their services conditionally, that is, if paid $4,500 each and additional compensation if the trial lasts longer than four weeks. On this basis, if counsel were furnished for all five defendants, it would cost at least $22,500. The Court is without funds to pay counsel and cannot make any conditional appointment.

Most of the defendants indicated that they could pay something to apply on attorneys fees, but the amounts were small in relation to the estimated cost.

The defendants have made sufficient showing under the law to require

the Court to appoint counsel and their petitions and motions to assign counsel will be granted.

Each defendant desires separate counsel, claiming a conflict of interest, which, if true, would preclude one attorney acting for all. No evidence of any conflict of interest was presented, but it is possible that the conflict might develop or become apparent at the trial of the case. This cannot be foreseen at the present time.

The Court will endeavor to assign counsel for each defendant, if such counsel can be secured. If not, a single attorney may be required to act for more than one defendant.

Counsel who are assigned will be expected to perform their duties as required by law.

This is a public service of the type expected of lawyers, and no odium should attach to a lawyer who is compelled to accept an assignment.

A doctor who administers to a patient who is ill does not inquire into the political beliefs of the patient and should cheerfully treat the patient even though he may violently disagree with and detest every belief of his patient.

This high standard is required of lawyers who are the protectors of the constitutional rights of the people.

The assignment of counsel will be made after consultation with officers of several bar associations in this Division. The time for said defendants to file motions is extended to 15 days after the appointment of such counsel.

On Motion of United States of America for Reconsideration of Order Sustaining Motion For a Bill of Particulars or, in the Alternative, for Clarification of Such Order; Motions of United States of America For Reconsideration of Order Sustaining Motion For Bill of Particulars of Eric Reinthaler and Sam Reed; Motion of Defendant Eric Reinthaler to Dismiss Indictment and Objections of Marie Reed Haug and Fred Haug to Motion For Reconsideration of Order Granting Motion For Bill of Particulars.

It is not proper to require the Government, by Bill of Particulars, to detail all of its evidence. United States v. Brandt, D.C.Ohio, 139 F.Supp. 367; Hupman v. United States, 6 Cir., 219 F. 2d 243, certiorari denied 349 U.S. 953, 75 S.Ct. 882, 99 L.Ed. 1278.

The indictment alleges thirteen overt acts. It will be necessary for the Government, in order to establish its case, to prove beyond a reasonable doubt, one or more of the overt acts alleged in the indictment to be in furtherance of the conspiracy. United States v. McGee, D.C., 108 F.Supp. 909.

The fact that the indictment, in pleading the overt acts, uses the phrase "among others" does not dispense with the proof of the alleged overt acts or enlarge the indictment so as to include outside overt acts. United States v. McGee, supra.

The indictment is sufficiently definite so as to inform the defendants of the nature of the offense with which they have been charged.

The former order of this Court entered herein on June 21, 1957 sustaining the motions of defendants Marie Haug, Fred Haug, Eric Reinthaler and Sam Reed for a Bill of Particulars with respect to Request No. 5 is hereby modified so as to deny said Request No. 5. In all other respects said order is ratified, approved and confirmed. The memorandum filed on June 19, 1957 may be corrected so as to show a denial of said Request No. 5.

This is without prejudice to the rights of defendant Sam Reed to file motions to the indictment after he has obtained counsel.

In their brief, defendants Marie Haug and Fred Haug, have objected to the Bill of Particulars furnished by the Government in respect to the answers to Request Nos. 11a, 12a, 13, 14, 15 and 16.

In answer to Request 11a, the Government stated that the names of persons with whom defendant Chaka was appointed to maintain communications were undisclosed.

This answer is certainly not clear. If the Government does not know the names of such persons it should say so.

Requests Nos. 12a, 13, 14, 15 and 16 are denied. Request No. 11a is granted.

The motion to dismiss filed by defendant Eric Reinthaler is overruled for the reasons set forth in memorandum filed June 19, 1957.