**UNITED STATES of America,**
**Plaintiff,**

v.

**William FINEGAN, Defendant.**

**Cr. No. 23476.**

United States District Court
N. D. Ohio, E. D.

Dec. 15, 1960.

Frank J. Kiernan, Harry L. Hudspeth, Sp. Attys., Dept. of Justice, Washington, D. C., for United States.

Wm. J. Corrigan and Fred W. Garmone, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

The indictment herein charges in three counts that for the calendar years 1955, 1956 and 1957 defendant filed false and fraudulent income tax returns which understated his taxable income. Each count specifies the amount of income reported for the particular year, together with the amount alleged by the Government to be the true and correct income of the defendant. Two motions of the defendant are here for consideration by the Court

**1.**

The supplemental and amended motion for a bill of particulars calls upon the Government to furnish detailed information as to the items and amounts which made up defendant's reported net income and the alleged true net income for each of the years involved. In addition, it asks for the sources, dates and means of payment of the income allegedly not reported, the deductions and costs allowed and disallowed against such income, together with such other information "as may be necessary to enable defendant to determine the basis upon which the Government asserts an understatement of income" during the years named.

An application for a bill of particulars is addressed to the sound discretion of the Court. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545. The purpose of a bill of particulars is to inform a defendant of the "nature of the charge against him with sufficient precision to enable him to prepare for trial, to prevent surprise, or to plead his acquittal or conviction in bar of another prosecution for the same offense," 11 Cyc.Fed.Proced., 3d Ed., 487, where the indictment itself is too vague and indefinite for such purposes. However, it is not the function of a bill of particulars to enable a defendant to obtain access to evidentiary matters. Stumbo v. United States, 6 Cir., 1937, 90 F.2d 828, 833, certiorari denied 302 U.S.

755, 58 S.Ct. 282, 82 L.Ed. 584. 11 Cyc. Fed.Proced., 3d Ed., 492.

■ The Government says that, with respect to each count in the indictment, it has used "the so-called 'net worth and expenditure method'" of computation. This statement, together with the language of the indictment, which is clear, simple and precise, sufficiently apprises the defendant of the nature of the offense charged to enable him to prepare his defense and to protect him from double jeopardy.

To the extent that the cases cited by defendant hold that a motion for a bill of particulars may properly be used to obtain evidence, they do not represent the views of this District and Circuit. See Stumbo v. United States, supra; United States v. Gevaras, Cr. No. 20883 and Cr. No. 21185 (Judge McNamee, 1955); United States v. Haug, D.C.1957, 21 F.R.D. 22, 27 (Judge Weick)

### 2.

■ Defendant also has filed a motion under F.R.Crim.Proc. Rule 16, 18 U.S.C.A. for discovery and inspection of "all books, papers, documents and tangible objects, including checks, bills, accounts, books, cancelled check stubs, bank statements, which belonged to the defendant or were obtained from any source or any person by seizure or process." Defendant states that it is impossible for him to prepare a proper and intelligent defense until he has had access to the records referred to, which are "all material to the preparation of his defense." The motion does not designate any specific documents, but alleges that they are in the possession of the United States Attorney.

The Government asserts that defendant has not turned over to it any of his personal records. When argument on this motion was heard in chambers, the Government agreed to permit defendant to inspect all material in its possession which it had obtained from labor organizations with which he was associated. The Court assumes that this understanding has been carried out.

The notes of the Advisory Committee on Rules, 18 U.S.C.A., foll. Rule 16, read in part as follows:

"The courts have, however, made orders granting to the defendant an opportunity to inspect impounded documents belonging to him * *. The rule is a restatement of this procedure. In addition, it permits the procedure to be invoked in cases of objects and documents obtained from others by seizure or by process, on the theory that such evidential matter would probably have been accessible to the defendant if it had not previously been seized by the prosecution. The entire matter is left within the discretion of the court."

In Bowman Dairy Co. v. United States, 341 U.S. 214, at pages 218, 219, 71 S.Ct. 675, at page 678, 95 L.Ed. 879, the Court adhered to the comments of the Advisory Committee that the purpose of the rule was to give discovery as to materials "otherwise beyond the reach of the defendant * * *."

■ In addition, Rule 16 provides that as to items sought to be inspected (1) they must be designated, (2) the movant must show that they are material to the defense, and (3) the request must be reasonable. This motion is deficient in all of these respects. It may be conceded that examination of the Government's evidence in advance of trial would assist any defendant in preparing his defense, but the discovery processes of Rule 16 are not available, merely upon request, for the purpose of going through the Government's files to obtain "a 'dress rehearsal' of the prosecution." United States v. Lipshitz, D.C.E.D.N.Y.1957, 150 F.Supp. 321, 322, 323; United States v. Haug, supra, 21 F.R.D. at page 26.

Accordingly, defendant's motions will be overruled.