**UNITED STATES of America**

v.

**John DE VINCENTIS.**

**Cr. No. 61–287.**

United States District Court
D. Massachusetts.

March 1, 1962.

---

W. Arthur Garrity, Jr., U. S. Atty., William Madden, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Nicholas Barbadoro, Quincy, Mass., Francis DiMento, Boston, Mass., for defendant.

CAFFREY, District Judge.

On November 2, 1961, the grand jury returned a three-count indictment charging defendant with willfully evading income taxes due and owing by him for the calendar years 1955, 1956, and 1957, in violation of 26 U.S.C.A. § 7201. On November 6, 1961, defendant appeared without counsel for arraignment and a plea of not guilty was entered by order of the Court. On November 20, 1961 the case was called for assignment of a trial date and counsel appeared for defendant and was notified as to a tentative trial date in January 1962. No request was made for leave to file any motion of any kind on that date, November 20.

On February 5, 1962, different counsel for defendant filed a motion for a bill of particulars. Argument on this motion was heard on February 7, 1962 and on February 19 memoranda were filed, primarily with reference to the timeliness or untimeliness of this motion. Assuming without deciding that a District Court has discretion, under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to entertain a motion for a bill of particulars filed more than ten days after arraignment, I find that in view of the information contained in each count of the three-count indictment, and in view of the Government's admission in its memorandum that it is relying on the so-called "net worth-expenditure" method, the defendant is not entitled to the granting of a motion for a written bill of particulars. See United States v. Finegan, 189 F.Supp. 728 (N.D.Ohio, 1960), at 730, where the Court said:

> "The Government says that, with respect to each count in the indictment, it has used 'the so-called "net worth and expenditure method" ' of computation. This statement, together with the language of the indictment, which is clear, simple and precise, sufficiently apprises the defendant of the nature of the offense charged to enable him to prepare his defense and to protect him from double jeopardy."

See, also, United States v. Chapman, 168 F.2d 997 (7 Cir., 1948); United States v. Carb, 17 F.R.D. 242 (E.D.N.Y.1954); United States v. Caserta, 199 F.2d 905, 910 (3 Cir., 1952).

Motion denied.