The UNITED STATES of America ex rel. Benedetto J. MASSARELLA, Petitioner,

v.

Richard J. ELROD, Sheriff of Cook County et al., Respondents.

No. 81 C 1752.

United States District Court, N. D. Illinois, E. D.

April 7, 1981.

Julius L. Echeles, Chicago, Ill., for petitioner.

Tyrone Fahner, Atty. Gen., by E. James Gildea, Sp. Asst. Atty. Gen., Chicago, Ill., for respondents.

## ORDER

BUA, District Judge.

Presently before the court is Massarella's petition for a writ of habeas corpus. 28 U.S.C. § 2254. At a hearing on respondents' motion to vacate this court's April 1, 1980 Order setting bond, the parties agreed to submit the questions raised by the petition on the basis of the facts contained in their respective memoranda of law. The petition presents four grounds for relief.

The first issue raised by the petition is whether the application of Ill.Rev.Stat. ch. 38 § 32–2 (1973) to petitioner violated the constitutional ban on state *ex post facto* laws. U.S.Const., Art. 1, § 10, cl. 1.

 The petitioner was convicted of perjury for statements made between August 26, 1971 and August 30, 1971. He was

indicted for violating Ill.Rev.Stat. ch. 38 § 32–2. Under the 1971 version of the statute, in effect at the time the crime was committed, the petitioner could have been imprisoned in other than a penitentiary. Illinois courts had construed the statute as a misdemeanor because of this provision. *Cf. People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182 (1968). The indictment was returned on June 8, 1973, beyond the 18 month limitation period applicable to a misdemeanor at the time the crime was committed. Ill.Rev. Stat. ch. 38 § 3–5. On January 1, 1973, one month before the limitations period for petitioner's crime would have expired, Illinois' Unified Code of Corrections took effect. The Unified Code classified perjury as a Class 3 felony with a three year statute of limitations. Ill.Rev.Stat. ch. 38 §§ 32–2, 3–5 (1973). The application of the new statute of limitations does not violate the *ex post facto* clause. *Clements v. United States*, 266 F.2d 397, 398 (9th Cir. 1959), *cert. denied*, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959); *Roberts v. United States*, 239 F.2d 467 (9th Cir. 1957); Note, *Ex Post Facto Limitations on Legislative Power*, 73 Mich.L.Rev. 1491 at 1512 n.78 (1975).

The petitioner nevertheless argues that the legislative reclassification of perjury from a misdemeanor to a felony violates the *ex post facto* clause. The petitioner maintains that the state trial and appellate courts erroneously focused on the actual sentence imposed on the petitioner rather than the legislative "aggravation" of the offense caused by reclassifying perjury as a felony. *See Calder v. Bull*, 2 U.S. 386, 390, 1 L.Ed. 648 (1798) (separate opinion of Chase, J.).

What the petitioner conveniently fails to point out is that the petitioner, with the advice of counsel, chose to be sentenced in accordance with the 1973 version of the perjury statute. The petitioner correctly quotes *Lindsey v. Washington*, 301 U.S. 397 at 401, 57 S.Ct. 797 at 799, 81 L.Ed. 1182 (1937) for the proposition that

the *ex post facto* clause looks to the standard of punishment prescribed by a statute rather than to the sentence actually imposed . . . [and] forbids the application of any new punitive measure to a crime already consummated, *to the detriment or material disadvantage* of the wrongdoer. (emphasis added).

However, the petitioner fails to focus on the fact that the import of the ban is the disadvantage imposed upon a wrongdoer without prior notice. The petition conspicuously avoids discussion of the fact that the petitioner had the option of being sentenced under the prior version of the statute. *People v. Liebling*, 36 Ill.App.3d 1073, 344 N.E.2d 520 (1976). It appears that the petitioner must have considered himself benefited by the sentencing regime of the new act or he presumably would have chosen the old one. The respondents' brief in opposition to the petition for a writ of certiorari filed in the United States Supreme Court indicates that the petitioner in fact was given the choice as to which version of the statute he wished to be sentenced under. Thus, *Weaver v. Graham*, —— U.S. ——, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) does not support the petitioner's contention, and this court concludes that his constitutional rights were not violated by the application of the 1973 version of the perjury statute to the petitioner's crime.

■ The petitioner's second claim is that he was deprived of his constitutional right to present a defense by the trial court's exclusion of certain evidence at trial. *See Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The petitioner attempted to introduce evidence through Milton Lambert as an expert witness qualified by 40 years experience as a wholesale distributor of motor fuel products. The defense attempted to establish the amount of fuel that the petitioner's business had sold during 1971 by hypothetical questions propounded to Lambert as an expert. The trial court sustained objections to Lambert's testimony based, among other things, upon his lack of personal knowledge, and because hypothetical questions propounded to him were based upon facts not in evidence. Based on the facts contained in the respondents' brief in opposition to the

petition for a writ of certiorari filed in the United States Supreme Court, the court finds no deprivation of the petitioner's right to present a defense. The exclusion of Lambert's testimony simply did not materially affect petitioner's ability to present a defense. Cf. *Chambers v. Mississippi,* 410 U.S. 284 at 302, 93 S.Ct. 1038 at 1049 (1973).

■ The petitioner also claims that the trial court's exclusion of evidence pertaining to his conversations with his accountant rises to the level of a constitutional deprivation. According to respondents' brief referred to above, the trial judge sustained a hearsay objection to evidence of the petitioner's statement to his accountant to the effect that the petitioner thought his gross profit margins on motor fuel sales should have been higher in 1969 and 1970. The testimony was apparently offered to show Massarella lacked the intent to commit a theft of state motor fuel taxes. This hearsay exclusion does not constitute a constitutional deprivation under *Chambers, supra.* It certainly cannot be said that the exclusion of such ambiguous evidence was in any sense critical to petitioner's defense.

The third prong of Massarella's claim that he was deprived of due process at trial is based on the contention that the application of the "best evidence rule" to sustain the state's objection to the admission of certain documentary evidence deprived him of crucial exculpatory evidence. In light of the facts contained in the appendix to respondents' brief at p. 6a, this court believes it frivolous to assert that this evidence was either properly admissible in evidence or crucial to the defense.

■ The petitioner also maintains that his sixth amendment right to confront the witnesses against him was improperly abridged by the restrictions the trial judge placed upon his counsel's cross-examination of several prosecution witnesses and by its admission of prior testimony given in a civil suit by John Gavin, Sr.

In neither instance does the petitioner's brief allege a single fact from which this court can conclude that his constitutional rights have been violated. The state's brief indicates that the cross-examination of the four witnesses about which petitioner complains fills over two hundred pages of transcript. Absolutely no indication of an abuse of discretion has been presented by the petitioner in alleging that his right to confront and cross-examine the prosecutions' witnesses was unconstitutionally abridged.

■ Petitioner's contention that the introduction of prior testimony of a deceased witness deprived him of his rights is without foundation. From the briefs of the parties, it is clear to this court that such testimony was properly admitted and did not deprive petitioner of his constitutional right to confront the witnesses against him. *See Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213.

Finally, we reject as unsupported by any evidence or authority the petitioner's contention that he was deprived of any rights by the manner in which the Illinois Appellate Court disposed of these claims on appeal. *See People v. Massarella,* 80 Ill. App.3d 552, 36 Ill.Dec. 16, 400 N.E.2d 436 (1979), *cert. denied,* —— U.S. ——, 101 S.Ct. 855, 66 L.Ed.2d 799 (1981).

■ Nothing in the petition supports the claim that the cumulative effect of the evidentiary rulings complained of or the trial judge's supervision of the scope of petitioner's cross-examination of certain prosecution witnesses affected the fundamental fairness of petitioner's trial.

Therefore, the court's order of April 1, 1981 setting bail is vacated, and the petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.