UNITED STATES of America, Plaintiff,

v.

Harold J. JENKS, Defendant.

No. CR–3–80–35.

United States District Court,
S. D. Ohio, W. D.

June 12, 1981.

James A. Wilson, Asst. U. S. Atty., Dayton, Ohio, for plaintiff.

Jeffrey E. Froelich, G. Jack Davis, Dayton, Ohio, for defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION SEEKING ADVANCE INSPECTION OF ITEMS SUBPOENAED; DECISION AND ENTRY SUSTAINING GOVERNMENT'S MOTION TO QUASH CERTAIN SUBPOENAS DUCES TECUM

RICE, District Judge.

Defendant is presently awaiting trial on a five count indictment alleging illegal counterfeiting activities. The first count is for conspiracy; the second, third and fourth counts charge defendant with unlawful possession of counterfeit obligations; and the fifth count charges defendant with the sale of counterfeit obligations. These activities allegedly occurred between July and September 17, 1980.

Defendant has served six subpoenas duces tecum, five on government agencies, and one on John H. Puckett, who is expected to appear as a government witness at defendant's trial, for certain documents, materials and records purportedly pertaining to the charges. From the United States Secret Service, the FBI, the Drug Enforcement Administration, and the Bureau of Alcohol, Tobacco and Firearms, defendant seeks production of:

[A]ll records, reports and other material compiled during the years 1976, 1977, 1978, 1979, 1980 and 1981 concerning Harold J. Jenks and/or John Puckett and which relate to any suspected criminal activity, subversive activity or cooperation with any law enforcement agency or official on the part of Harold J. Jenks or John H. Puckett during those years which are in the possession of the [respective agency] or which the [agency] has reason to know exist and can obtain access to.

*See,* doc. # 47, Exhibits A, B, D, E, and F. From Puckett, defendant seeks production of:

[A]ll material and records reflecting all sources of income and gifts including, but not limited to, your federal, state and local income tax returns for the years 1980, 1979, 1978 and 1977; certificates of deposit, bank accounts records, real estate property appraisals, automobile and other

vehicle titles, all for the years 1980, 1979, 1978, 1977 and 1981, to date.

*See, id.,* Exhibit C.

Defendant has moved for an order permitting advance inspection of the documents and materials subpoenaed. The government has moved that the subpoenas be quashed. Both motions have been made pursuant to Rule 17(c), Fed.R.Crim.P. Based on the memoranda of the parties, and for the reasons set forth below, the Court concludes that defendant's motion is not well taken, and same is, therefore, overruled. The Court further concludes that the government's motion to quash the subpoenas is well taken, and same is, therefore, sustained in its entirety.

Rule 17(c), Fed.R.Crim.P., which governs the issuance of a subpoena duces tecum, provides:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

■ Rule 17(c) "does not authorize a rummaging through the files of the prosecution at will." *United States v. Iozia,* 13 F.R.D. 335, 338 (S.D.N.Y.1952). It is not to be used as an additional discovery device. *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220, 71 S.Ct. 675, 678, 95 L.Ed. 879 (1951); *United States v. Iozia,* 13 F.R.D. 335, 338 (S.D.N.Y.1952); *United States v. Haug,* 21 F.R.D. 22, 26 (N.D. Ohio 1957); *United States v. Ball,* 49 F.R.D. 153, 155 (E.D.Wis.1969). The Supreme Court explained in *Bowman Dairy* that the rule's "chief innovation was to expedite the trial

by providing a time and place *before* trial for the inspection of the subpoenaed materials." 341 U.S. at 220, 71 S.Ct. at 679 (emphasis in the original).

In *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y.1952), the Court stated, "there must be a showing of good cause to entitle the defendant to production and inspection of the documents under Rule 17(c)." In order to establish good cause, the party moving for production and inspection must make the following showing:

(1) That the documents are evidentiary and relevant;

(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence;

(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

(4) That the application is made in good faith and is not intended as a general fishing expedition.

*Id.*, cited with approval in *United States v. Nixon*, 418 U.S. 683, 699, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974).

In support of his motion, defendant makes all of the appropriate assertions. He states that the materials requested are evidentiary and relevant, not otherwise procurable, and are necessary for trial preparation. *See*, doc. # 45, at 1. He further asserts that the subpoenas are not intended as a general fishing expedition. *Id.* However, defendant provides the Court with nothing whatsoever in support of these bald assertions.

Defendant's broad requests for materials in the files of four governmental agencies for "*any* suspected criminal activity, subversive activity or cooperation with *any* law enforcement agency or official . . ." (emphasis added), covering a period of five years, when the indictment covers less than three months, have every appearance of a general fishing expedition. The same is true with respect to the Puckett subpoena, which calls for comprehensive financial information for a five year period. "No specific documents or papers were described in the subpoena[s]" directed to the government agencies. *United States v. Haug*, 21 F.R.D. 22, 26 (N.D. Ohio 1957). The subpoena directed to Puckett is worded in nonexclusive, open-ended terms. Defendant has made no showing that any of the materials requested, from the government or from Puckett, relate in any way to the offenses charged in the indictment, namely, illegal counterfeiting activities between July and September 17, 1980. Nor does defendant make any showing that these materials contain any evidence that would be admissible at his trial.

In the Court's opinion, defendant has utterly failed to make the showings required under *Iozia* to establish good cause for production or advance inspection of the materials subpoenaed. Mere conclusory allegations, devoid of support, are simply inadequate. Having failed to comply with the requirements outlined in *Iozia*, defendant's motion lacks merit and is, therefore, overruled. Additionally, the Court finds each of the government's objections to these subpoenas, *see*, doc. # 47, to be well founded. The government's motion to quash the subpoenas is, therefore, sustained.