# BOWMAN DAIRY CO. ET AL. *v.* UNITED STATES ET AL.

No. 435.   Argued March 9, 1951.—Decided April 30, 1951.

*L. Edward Hart, Jr.* and *Walter J. Cummings, Jr.* argued the cause for petitioners. On the brief were *Mr. Hart* and *Mr. Tierney* for the Bowman Dairy Co. et al., *Herman A. Fischer* for the American Processing & Sales Co., *Kenneth F. Burgess, Edwin Clark Davis* and *Mr. Cummings* for the Borden Company et al., *Isidore Fried* for the Capitol Dairy Co. et al., and *Thomas B. Gilmore* for the Hunding Dairy Co. et al. *Louis E. Hart* was also of counsel for petitioners.

*Deputy Attorney General Ford* argued the cause for respondents. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Morison* and *J. Roger Wollenberg.*

MR. JUSTICE MINTON delivered the opinion of the Court.

Petitioners were indicted for a violation of § 1 of the Sherman Act.[1] Before the case was set for trial, each petitioner filed a motion under Rule 16 of the Federal Rules of Criminal Procedure [2] for an order requiring the

---

[1] 26 Stat. 209, 15 U. S. C. § 1.

[2] "RULE 16. DISCOVERY AND INSPECTION.

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photo-

United States to produce for inspection all books, papers, documents, or objects obtained from petitioners and obtained by seizure or process from others. An agreed order was entered by the court and the Government fully complied therewith. The validity of this order is not in question.

Petitioners also moved under Rule 17 (c)[3] for an order directing the Government at a time and place to be specified therein to produce for inspection certain other books, papers, documents and objects obtained by the Government by means other than seizure or process. Petitioners filed and served on the Government attorneys a

---

graph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

[3] "Rule 17. Subpoena.

"(a) For Attendance of Witnesses; Form; Issuance. A subpoena shall be issued by the clerk . . . and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein. The clerk shall issue a subpoena, signed and sealed but otherwise in blank to a party requesting it, who shall fill in the blanks before it is served.

.        .        .        .        .

"(c) For Production of Documentary Evidence and of Objects. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

subpoena *duces tecum,* the pertinent part of which reads as follows:

> "all documents, books, papers and objects (except memoranda prepared by Government counsel, and documents or papers solicited by or volunteered to Government counsel which consist of narrative statements of persons or memoranda of interviews), obtained by Government counsel, in any manner other than by seizure or process, (a) in the course of the investigation by Grand Jury No. 8949 which resulted in the return of the indictment herein, and (b) in the course of the Government's preparation for the trial of this cause, if such books, papers, documents and objects, (a) have been presented to the Grand Jury; or (b) are to be offered as evidence on the trial of the defendants, or any of them, under said indictment; or (c) are relevant to the allegations or charges contained in said indictment, whether or not they might constitute evidence with respect to the guilt or innocence of any of the defendants . . . ."

A hearing was held and the court entered an order directing the Government to produce for petitioners' inspection the materials designated in the subpoena.

Thereafter the Government moved to quash the subpoena and to set aside the order, contending that the access of a defendant in a criminal proceeding to materials in custody of Government attorneys is limited to rights granted by Rule 16 and that the District Court had erred in ordering production of the subpoenaed materials. This motion was denied. Respondent Hotchkiss, one of the Government attorneys to whom the subpoena was addressed, had possession of the materials called for, but refused to produce any of them. After a hearing, the District Court held him in contempt. The Court of Appeals reversed, 185 F. 2d 159. We granted certiorari

because of the importance of the scope of Rule 17 (c) in federal practice.   340 U. S. 919.

During the hearing on petitioners' motions for an order under Rule 17 (c), respondent Hotchkiss, acting for the Government, had offered to produce, and to enter into a stipulation therefor, all documents of evidentiary character, in the custody of the Government obtained other than by seizure or process, *i. e.*, documents other than the work product of the Government, solicited and volunteered narrative statements, and memoranda of interviews.   However, this offer did not include documents *furnished the Government by voluntary and confidential informants.*

The subpoena was broad enough to include any documents and other materials that had been furnished the Government by voluntary informants and which did not "consist of narrative statements of persons or memoranda of interviews."   The Government's chief objection to the subpoena, as stated to the court by respondent Hotchkiss, was as follows:

> "Mr. Hotchkiss: There is only one objection—basic objection which I would make to the form which is proposed: This language in this subpoena or proposed subpoena, as I construe it does not protect those confidential informants who have provided the Government with confidential material which the Government feels on the basis of very well established principles followed by the courts are normally protected from the view of litigants."

It appears from respondent's colloquy with the court that the confidential material which he would except from the subpoena consisted of "documents furnished the Government without process or seizure by voluntary informants."

It was intended by the rules to give some measure of discovery.   Rule 16 was adopted for that purpose.   It

gave discovery as to documents and other materials otherwise beyond the reach of the defendant which, as in the instant case, might be numerous and difficult to identify. The rule was to apply not only to documents and other materials belonging to the defendant, but also to those belonging to others which had been obtained by seizure or process. This was a departure from what had theretofore been allowed in criminal cases.[4]

Rule 16 deals with documents and other materials that are in the possession of the Government and provides how they may be made available to the defendant for his information. In the interest of orderly procedure in the handling of books, papers, documents and objects in the custody of the Government accumulated in the course of an investigation and subpoenaed for use before the grand jury and on the trial, it was provided by Rule 16 that the court could order such materials made available to the defendant for inspection and copying or photographing. In that way, the control and possession of the Government is not disturbed. Rule 16 provides the only way the defendant can reach such materials so as to inform himself.

But if such materials or any part of them are not put in evidence by the Government, the defendant may subpoena them under Rule 17 (c) and use them himself. It would be strange indeed if the defendant discovered some evidence by the use of Rule 16 which the Government was not going to introduce and yet could not require its production by Rule 17 (c). There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule 17 (c) as long as they are evidentiary. That is not to say that the materials thus subpoenaed must actually be used in evi-

---

[4] See Advisory Committee's Note to Rule 16, 18 U. S. C., p. 1969.

dence. It is only required that a good-faith effort be made to obtain evidence. The court may control the use of Rule 17 (c) to that end by its power to rule on motions to quash or modify.[5]

It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena *ad testificandum* and *duces tecum,* which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena *duces tecum* to be produced at a specified time and place for inspection by the defendant. Rule 17 (c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials. *United States* v. *Maryland & Virginia Milk Producers Assn.,* 9 F. R. D. 509. However, the plain words of the Rule are not to be ignored. They must be given their ordinary meaning to carry out the purpose of establishing a more liberal policy for the production, inspection and use of materials at the trial.

---

[5] "We also find in the same rule, under (c), a provision for the production of documentary evidence or objects—the familiar subpoena duces tecum—and if the person upon whom the subpoena is served thinks it is broad or unreasonable or oppressive he may apply to the court to quash the subpoena. Furthermore, while normally under a subpoena the books and other things called for would merely be brought into court at the time of the trial, let us say immediately before they are to be offered in evidence, there is a provision in this rule that the court may, in the proper case, direct that they be brought into court in advance of the time that they are offered in evidence, so that they may then be inspected in advance, for the purpose of course of enabling the party to see whether he can use it or whether he wants to use it." Statement of Mr. G. Aaron Youngquist, Member of Advisory Committee, Federal Rules of Criminal Procedure, Proceedings of the Institute on Federal Rules of Criminal Procedure (New York University School of Law, Institute Proceedings, Vol. VI, 1946), pp. 167–168.

There was no intention to exclude from the reach of process of the defendant any material that had been used before the grand jury or could be used at the trial. In short, any document or other materials, admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena. It was material of this character which the Government was unwilling to stipulate to produce or to produce in obedience to the subpoena. Such materials were subject to the subpoena. Where the court concludes that such materials ought to be produced, it should, of course, be solicitous to protect against disclosures of the identity of informants, and the method, manner and circumstances of the Government's acquisition of the materials.

Clause (c), which is the last clause in the subpoena, reads as follows:

> "are relevant to the allegations or charges contained in said indictment, whether or not they might constitute evidence with respect to the guilt or innocence of any of the defendants . . . ."

This is a catch-all provision, not intended to produce evidentiary materials but is merely a fishing expedition to see what may turn up. The clause is therefore invalid.

The subpoena calls for materials which the Government is bound to produce and for materials it is not bound to produce. The District Court said: "Give us all." The Government replied: "We will give you nothing." Both were wrong. The Government should produce the evidentiary materials called for by the subpoena. It need not produce anything under clause (c).

One should not be held in contempt under a subpoena that is part good and part bad. The burden is on the court to see that the subpoena is good in its entirety and it is not upon the person who faces punishment to cull the good from the bad.

Accordingly, the judgment of the Court of Appeals is vacated and the cause remanded to the District Court for further proceedings in conformity with this opinion.

*It is so ordered.*

Mr. Justice Black would affirm the District Court.

Mr. Justice Clark took no part in the consideration or decision of this case.