
UNITED STATES of America

v.

Frederic E. SCHLUTER, George S. Fabel, Russell H. Temple, Robert R. Stevenson and Thermoid Company, Defendants.

United States District Court
S. D. New York.
Oct. 22, 1956.

See also 19 F.R.D. 372.

Paul W. Williams, U. S. Atty. for Southern Dist. of N. Y., New York City, Arnold Guy Fraiman, Asst. U. S. Atty., New York City, of counsel, for the United States.

Goldstein, Judd & Gurfein, New York City, Murray I. Gurfein, New York City, of counsel, for defendant Frederic E. Schluter.

FREDERICK vP. BRYAN, District Judge.

Defendant Schluter moves pursuant to Rules 16 and 17 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. for an order directing the Government to aid him to identify the handwriting on numerous papers and documents and the authors of others. All of these documents were made available to defendant by the Government pursuant to an order of this Court granting defendant discovery and inspection of documents in the Government's possession.

Defendant claims that many of the *documents so made available by the Gov-ernment cannot be identified without the assistance of the Government and are thus of little aid to him.* In effect he asks the Court to grant additional discovery and inspection to the extent of directing the Government to give its assistance in identifying handwriting or authorship.

If this were a civil action the defendant could take depositions of the opposing party under Rule 26 of the Rules of Civil Procedure, 28 U.S.C.A., or address interrogatories to the opposing party under Rule 33 of the Rules of Civil Procedure to aid him in identification of documents. These two rules permit a party to examine the *opposing party with* respect to the description and nature of documents and the identity and location of persons having knowledge of relevant facts.

However, defendant could not obtain such identification under Rules 34 and 45 of the Rules of Civil Procedure taken alone, which relate only to the discovery

**416**

and production of documents, but would have to rely on the deposition or interrogatories provided by Rules 26 and 33 to obtain such information.

 The case before the Court is a criminal and not a civil action, and is governed by the Rules of Criminal Procedure. Rules 16 and 17 of the Rules of Criminal Procedure, under which defendant is here proceeding, are, in substance, the counterparts of Civil Rules 34 and 45. Both rules authorize discovery and inspection of documents and the issuance of the subpoena duces tecum for their production. Such rules require only that a party produce documents for the use and inspection of his adversary and do not authorize a party to obtain any explanation of the documents produced.

 There is no counterpart in the Rules of Criminal Procedure providing for depositions and interrogatories such as are permitted under Rules 26 and 33 of the Rules of Civil Procedure. The Rules of Criminal Procedure were promulgated subsequent to the promulgation of the Civil Rules. If it had been intended to give a criminal defendant the same rights in this regard as a party to a civil action it would have been easy to say so. The failure to include in the Criminal Rules provisions for depositions and interrogatories similar to those already in the Civil Rules appears to limit a defendant's discovery rights in criminal proceedings merely to obtaining copies of documents as provided in Criminal Rules 16 and 17 which are the counterparts of Civil Rules 34 and 45. Defendant is not authorized under the Criminal Rules as now constituted to go beyond the limits of Rules 16 and 17 and to obtain the aid of the Government in identifying handwriting or authorship of documents produced by the Government.

I do not find anything in Bowman Dairy Company v. United States, 341 U.

S. 214, 71 S.Ct. 675, 95 L.Ed. 879, cited by defendant, which expressly or impliedly authorizes the granting of this application.

Defendant's motion is denied.