U. S. A.

v.

Toldehedhinhabte ELIFE et al.

No. 66 Cr. 466.

United States District Court
S. D. New York.

Feb. 21, 1967.

Robert M. Morgenthau, U.S. Atty., New York City, Douglas S. Liebhafsky, Asst. U.S. Atty., of counsel, for the Government.

Wachtell, Lipton, Rosen, Katz & Kern, New York City, for defendant.

COOPER, District Judge.

Pursuant to Rule 7(f), F.R.Crim.P., defendant moves for a bill of particulars. The Government consents in substance to items 1, 2(b), 4 and 6. It asserts it does not have knowledge of the information sought by item 2(b), and accordingly, it will so state.

■ Items 3 and 5 are in dispute. Item 3 is denied. We do not regard knowledge of the acts of defendant with respect to the carton allegedly stolen as being necessary to the preparation of defendant's defense. The government is not required to reveal the details of its case unnecessarily. See e. g., United States v. Smith, 16 F.R.D. 372 (N.D. Mo. 1954).

■ Item 5 is also denied. Defendant is not entitled before trial to the name of any prospective government witnesses. See United States v. Casserino, 189 F.Supp. 288 (E.D.N.Y. 1960).

■ Defendant's motion for discovery of his statements or confessions is denied. The government asserts that the only statements or confessions made by defendant it possesses are contained in an F.B.I. agent's report and an Assistant United States Attorney's notes on an "arraignment sheet." We do not regard statements, not substantially verbatim and contemporaneous, as "statements or confessions" within the meaning of Rule 16(a), F.R.Crim.P. See Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963). Moreover, as we interpret it, Rule 16 does not allow the pre-trial discovery of internal government documents or memoranda. See Rule 16(b); Advisory Committee's Note, Rule 16(b) (2).

The government has consented to produce any medical records pertaining to defendant's denarcotization. As required by Rule 16(a)(2), the government will allow inspection and copying of any scientific or medical experiments made in connection with this case.

The government has also consented to discovery of the papers listed in part I(c) of defendant's motion.

Defendant moves pursuant to Rules 17(b) and 17(c), F.R.Crim.P., to subpoena certain documents now held by Yale Transport Corporation and Railway Express Agency. Yale Transport makes no objection and the government accordingly consents. Therefore, permission is granted to issue a subpoena for the documents held by Yale, the costs to be provided for as directed by Rule 17(b).

The letter of Railway Express to this Court (January 19, 1967) expressing its disinclination to make its records available, accords the government standing to object on its behalf. Rule 17(c) was not designed to provide an additional means of discovery. Its function is to provide a means whereby the moving party may obtain documents he intends to submit into evidence at trial. Pretrial inspection is allowed only for purposes of preventing delay at trial. See In the Matter of Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 15 (2d Cir. 1962); Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L. Ed. 879 (1951).

Defendant's motion has not met the classic requirements established in United States v. Iozia, 13 F.R.D. 335 (S.D.N.Y.1952). We regard the admissibility of these documents into evidence as doubtful, and we note that the motion is not directed at specified documents. Finally, our understanding of the documents in the possession of Railway Express indicates that denial of pre-trial discovery will create no delay at trial if it becomes necessary to produce this material then. See United States v. Murray, 297 F.2d 812, 818, 821 (2d Cir. 1962).

It is clear that if the documents possessed by Railway Express were in fact controlled by the government, Rule 16(b) would allow discovery. However, defendant has not moved under Rule 16(b) for discovery nor has he adduced sufficient evidence of "control" for that Rule to apply. If all other requisites were complied with, we would nevertheless be inclined to give favorable consideration to an application thereunder. Accordingly, the motion is denied without prejudice to renew as indicated.

To the extent herein above indicated, defendant's motions are granted; in all other respects denied.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.