UNITED STATES of America, Plaintiff,

v.

Ovid KOSOVSKY and John W. Sowers, Defendants.

No. CR–80–26–D.

United States District Court, W. D. Oklahoma.

March 20, 1980.

Larry D. Patton, U. S. Atty., Oklahoma City, Okl., Linda L. Pence, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

David A. Walker, Garvin A. Isaacs, Oklahoma City, Okl., for defendant Kosovsky.

William R. Burkett, Drew Neville and William J. Skepnek, Oklahoma City, Okl., for defendant Sowers.

### ORDER

DAUGHERTY, Chief Judge.

Presently before the Court is the "Motion for Order Directing Return or Alternatively to Quash Subpoena Duces Tecum" filed by Defendant John W. Sowers (Sowers) wherein he seeks the return of materials subpoenaed from him by the grand jury which returned the Indictment herein. Alternatively, Defendant Sowers asks the Court to quash the grand jury subpoena duces tecum and order the United States Attorney to return the materials in the United States Attorney's possession pursuant to said subpoena. Said Motion is supported by a Brief and the government has filed a Brief in opposition thereto.

In support of his Motion, Defendant Sowers asserts that he appeared before the

grand jury in 1976 and again in April, 1979. On April 5, 1979, Defendant Sowers voluntarily appeared before the grand jury and delivered to government counsel certain documents pertaining to the subject matter of this case. Government counsel requested the documents in order to make copies of the same.

The following day Defendant Sowers returned to testify before the grand jury. On the morning of April 6, 1979, he was served with a grand jury subpoena for the documents and records he had already delivered into the custody of government counsel. Said documents were placed by the grand jury into the custody of Special Agent Errol Meyers of the Federal Bureau of Investigation where they have remained. Defendant Sowers contends that the validity of the subpoena through which the government maintains possession of the documents and records sought in the instant Motion expired when the grand jury disbanded after the indictment was returned in this case and therefore said documents should be returned to him in the absence of an order of impoundment by the Court. Defendant Sowers relies solely on *Robert Hawthorne, Inc. v. Director of Internal Revenue*, 406 F.Supp. 1098 (E.D.Pa.1976), to support his request for the return of the documents.

In its Brief in opposition to the instant Motion, the government objects to returning the documents in question on the grounds that the overwhelming majority of the documents are expected to be used as exhibits at the trial of this case; that the government is presently using the documents in the course of preparation for trial; that the return of the documents would cause chain of custody problems; that some of the documents could be lost, misplaced, stolen or otherwise tampered with, thereby creating best evidence problems if they were not maintained in a secure location within the Department of Justice; and that the government has provided and will continue to provide reasonable access to the defense for inspection of the documents.

■ The case of *Robert Hawthorne, Inc. v. Director of Internal Revenue, supra,* re-

lied on herein by Defendant Sowers, was a civil action brought by a corporation to recover certain documents submitted by it to a grand jury pursuant to several subpoenas duces tecum. Said documents were subsequently retained by the government for use in an ongoing investigation. The United States District Court for the Eastern District of Pennsylvania held in *Hawthorne* that a grand jury and its executive agents, including the United States Attorney's office, may retain the original documents acquired pursuant to a subpoena duces tecum "while they are performing their lawful criminal investigatory functions, so long as the plaintiff's legitimate business need for the documents is at all times accommodated in some reasonable way." 406 F.Supp. at 1130 (footnote omitted). The court indicated that this accommodation could be achieved by permitting access to the originals or by returning a full set of copies. The court further held:

When the legitimate, good faith, criminal investigatory use of the documents has ended, however, or when the grand jury is discharged without the investigation's having been resubmitted or scheduled for resubmission to a new grand jury, then all the original subpoenaed materials must be returned immediately to their owner, the plaintiff. Subpoenaed documents may only be retained after this time, for whatever purpose, on the authority of a judicial order of impoundment, duly applied for by the government.

*Id.* However, the *Hawthorne* court was not faced with the situation present in the instant case, namely, a request for return of subpoenaed materials *after* an indictment has been returned. Rather, it appears that under these circumstances Defendant Sowers may not be entitled to return of the documents in question until after the upcoming trial of this case, especially in view of the government's claim herein that the subpoenaed documents are presently needed for trial preparation. *See, e. g., United States v. Moore*, 423 F.Supp. 858 (S.D.W.Va. 1976) (return required after acquittal of

defendant); *see generally United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042 (1948) (return required where indictment was dismissed because grand jury was illegally constituted); *United States v. Gilboy*, 160 F.Supp. 442 (M.D.Pa.1958) (return denied where subpoenaed materials were necessary for complying with defendant's request for inspection, the government's preparation for and use at the forthcoming trial); *see also United States v. Halper*, 470 F.Supp. 103 (S.D.N.Y. 1979) (defendant's Fourth and Fifth Amendment rights waived by voluntarily surrendering subpoenaed material). Therefore, in view of the foregoing, the Court determines that Defendant Sowers' request for return of the subpoenaed materials in question should be denied.

■ Turning to Defendant Sowers' alternative request pursuant to Rule 17(c), Federal Rules of Criminal Procedure, to quash the subpoena duces tecum under consideration, said Defendant maintains that his continued compliance with the subpoena is unreasonable and oppressive as he must obtain possession of the documents and records in question in order to fully and meaningfully prepare his defense to the charges against him in this case. The government responds that Rule 17(c) is inappropriate in this case as said rule involves the ability to subpoena documents, admissible as evidence, obtained by the government by solicitation or voluntarily from third persons. In this connection, the government maintains that Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, rather than Rule 17(c) is the rule to apply in this case.

In *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 885 (1951), the Supreme Court examined the relationship of Rules 16 and 17 and concluded:

Rule 16 deals with documents and other materials that are in the possession of the Government and provides how they may be made available to the defendant for his information. In the interest of orderly procedure in the handling of books, papers, documents and objects in the custody of the Government accumulated in the course of an investigation and subpoenaed for use before the grand jury and on the trial, it was provided by Rule 16 that the court could order such materials made available to the defendant for inspection and copying or photographing. In that way, the control and possession of the Government is not disturbed. *Rule 16 provides the only way the defendant can reach such materials so as to inform himself.*

341 U.S. at 219, 71 S.Ct. at 678 (emphasis added).

Rule 16(a)(1)(C) requires the government to permit a defendant, upon request, to inspect and copy those documents and tangible objects within the government's possession, custody or control if any one of three situations exists: (a) the defendant shows that disclosure of the document or tangible object is material to the defense; (b) the government intends to use the document or tangible object in the presentation of its case in chief; or (c) the document or tangible object was obtained from or belongs to the defendant. *See* Rule 16, Notes of Advisory Committee on Rules. The subpoenaed documents in question clearly are covered by Rule 16(a)(1)(C). Therefore, the Court determines that Defendant Sowers' alternative request to quash the subpoena duces tecum under consideration is inappropriate and should be overruled. Moreover, the Court has previously granted Defendant Sowers' Rule 16 discovery motion and directed the government to provide him with an opportunity to inspect and copy or photograph the subpoenaed documents.

In view of the foregoing, the Court finds and concludes that Defendant Sowers' "Motion to Return and Alternatively to Quash Grand Jury's Subpoena Duces Tecum" should be overruled.