In re GRAND JURY SUBPOENA: SUBPOENA DUCES TECUM, Petitioner.

UNITED STATES of America, Plaintiff–Appellee,

v.

JOHN DOE 819 (MODEL MAGAZINE), Defendant–Appellant.

In re GRAND JURY SUBPOENA: SUBPOENA DUCES TECUM, Petitioner.

UNITED STATES of America, Plaintiff–Appellee,

v.

JOHN DOE 819 (MODEL MAGAZINE), Defendant–Appellant.

In re GRAND JURY SUBPOENA: SUBPOENA DUCES TECUM, Petitioner.

UNITED STATES of America, Plaintiff–Appellee,

v.

JOHN DOE 819 (METRO VIDEO), Defendant–Appellant.

In re GRAND JURY SUBPOENA: SUBPOENA DUCES TECUM.

UNITED STATES of America, Plaintiff–Appellee,

v.

JOHN DOE 819 (METRO VIDEO), Defendant–Appellant.

Nos. 86–5159(L), 86–5170, 86–5171 and 86–5173.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 10, 1987.

Decided April 19, 1988.

Before PHILLIPS, ERVIN, and WILKINSON, Circuit Judges.

ON PETITION FOR REHEARING
WITH SUGGESTION FOR
REHEARING EN BANC.

PER CURIAM:

This court held that certain grand jury subpoenas duces tecum issued in the course of a government pornography investigation must be quashed, and reversed district court orders holding the subjects of the subpoenas in contempt for refusing to comply with them. *In re Grand Jury Subpoena: Subpoena Duces Tecum*, 829 F.2d 1291 (4th Cir.1987). Now before the court is the government's Petition for Rehearing with Suggestion for Rehearing En Banc in this case. On the basis set forth in this per curiam opinion, we deny the petition.

In its Petition for Rehearing with Suggestion for Rehearing En Banc, the government confessed the error of the position that it urged before this panel. The government now concedes that "to the extent they require production of tapes with 'lascivious (lewd, lustful) exhibition of the genitals or pubic area,' these subpoenas are overbroad." Because of this admission, the government necessarily agrees with the result reached in the panel's opinions; a subpoena that is invalid even in part must be quashed. *See Bowman Dairy v. United States*, 341 U.S. 214, 221, 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).

For the reasons expressed in the earlier majority opinion and separate concurring opinion in this case, that part of the subpoena which sought "lewd and lascivious" displays is impermissibly vague and overbroad. *See In re Grand Jury Subpoena supra.* The government's confession of error on this point and acquiescence as to the invalidity of the subpoena thus present a wholly sufficient ground for the resolution of this controversy. We now conclude, therefore, that our final disposition of this case should rest upon this ground alone, and we decline to address any further questions raised in the case prior to the government's change of position.

Because we now confine the holding in this case to the impermissible vagueness and overbreadth of the "lascivious (lustful, lewd) exhibition" portion of the subpoena,

no basis remains for a rehearing or rehearing en banc. The contempt orders are reversed and the government's petition for rehearing and suggestion for rehearing en banc is therefore

DENIED.