## In re GRAND JURY PROCEEDINGS.

### UNITED STATES of America, Appellant,

v.

### LAW FIRM Z,[1] Appellee,

### Company X, Intervenor–Appellee.

### No. 87–2739.

United States Court of Appeals, Tenth Circuit.

Sept. 16, 1988.

---

1. The true identities of the appellee and intervenor-appellee are protected from disclosure by Fed.R.Crim.P. 6(e)(2). The appellee will be referred to as Law Firm Z, and the intervenor-appellee will be referred to as Company X.

Benjamin L. Burgess, Jr., U.S. Atty., D. Kansas, Scott J. Glick, Guy L. Goodwin, and Victor D. Stone, Criminal Div., U.S. Dept. of Justice, Washington, D.C., for U.S. of America, appellant.

William F. Pendergast and Joseph P. Covington of Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., Richard C. Hite of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for appellee.

Rodney O. Thorson, William J. Guzick, and Andrew L. Sandler of Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., Robert J. Roth and Evan J. Olson of Hershberger, Patterson, Jones & Roth, Wichita, Kan., for intervenor-appellee.

Before SEYMOUR and McWILLIAMS, Circuit Judges, and BOHANON, Senior District Judge.[2]

McWILLIAMS, Circuit Judge.

In connection with a grand jury proceeding in the District of Kansas the government served subpoenas duces tecum on a law firm (hereinafter Law Firm Z) seeking production of documents for use by the grand jury. Law Firm Z filed a motion to quash, and the government filed a motion to compel production. The documents sought under the subpoena related to one of Law Firm Z's clients, referred to by us as Company X.[3] The Company intervened and asserted an attorney-client privilege and a work-product privilege as to some of the requested documents. After hearing, the district court rejected the government's claim that the "crime-fraud" exception vitiated the attorney-client and work-product claims of privilege and accordingly denied the government's motion to compel production of privileged documents in possession of Law Firm Z. As we understand it, the government does not appeal that part of the district court's order of October 20, 1987.

In its October 20, 1987, order the district court also addressed the question of production of *nonprivileged* documents as follows:

> Moreover, the court finds, after reviewing the subpoenas duces tecum, that the remaining documents—to which no privilege was asserted—are *utterly redundant*, and thus the government's motion to compel production of the nonprivileged documents is also denied [emphasis added].

As we read the briefs, the government only appeals that part of the district court's order and judgment of October 20, 1987, which denied the government's motion to compel the production by Law Firm Z of nonprivileged documents. In this court, the Company, which had intervened in the proceedings in district court, states in its brief that it has no "direct interest" in the present appeal which now concerns only the government's request of the law firm to produce nonprivileged documents.

On appeal, the government argues that the subpoenas requesting nonprivileged documents met the test of *United States v. Gurule*, 437 F.2d 239 (10th Cir.1970), *cert. denied*, 403 U.S. 904, 91 S.Ct. 2202, 29 L.Ed.2d 679 (1971), and that the district court erred in denying that part of the government's motion to compel.

As indicated, the district court denied the government's motion to compel the production of *nonprivileged* material from the

---

**2.** Honorable Luther L. Bohanon of the United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

**3.** *See related case In re Grand Jury Proceedings, Company X,* 857 F.2d 709 (10th Cir.1988).

law firm on the sole ground that such was "utterly redundant." Insofar as the order itself is concerned, just why that particular request was "utterly redundant" is unclear and left to guess and conjecture. The law firm suggests that such characterization is but "shorthand" for the "balancing test" which the district court is claimed to have used, i.e., relevancy and need vis-a-vis burden. To us that suggestion is mere guesswork too.

Our attention has not been directed to any authority to support the proposition that documents otherwise properly requested in a subpoena duces tecum need not be produced if there be some sort of "redundancy."[4] It should be remembered that the grand jury is conducting an investigation to determine whether indictments are warranted. This is not a trial where the problem of cumulative evidence might arise. In the investigative stage, corroborating evidence, which might conceivably be characterized "redundant," might well be helpful. In *Gurule*, 437 F.2d at 241–242, we quoted the following language with approval:

> "Federal courts have inherent power over their process to prevent abuse, oppression and injustice and the process of the court comprehends proceedings before the grand jury and the means whereby witnesses are compelled to attend such proceedings. (citing cases) However, it has been consistently stated that there should be no curtailment of the inquisitorial power of the grand jury except in the clearest case of abuse, and mere inconvenience not amounting to harassment does not justify judicial interference with the functions of the grand jury." *United States v. Johns–Manville Corporation*, 213 F.Supp. 65, 72 (E.D. Penn.1962).

Then this court continued:

> Three components are suggested by the Supreme Court cases. See *In Re Grand Jury Subpoena Duces Tecum, etc.*, 203 F.Supp. 575, 578 (S.D.N.Y.1961). They are (1) the subpoena may command only the production of things relevant to the investigation being pursued; (2) specification of things to be produced must be made with reasonable particularity; and (3) production of records covering only a reasonable period of time may be required. An examination of the language of the subpoena seems to satisfy the components particularly in view of the fact that the records subpoenaed in March, 1968 were limited to the "period of January 1, 1965 to December 31, 1967, both inclusive." Because the requested papers were fairly recent, less specificity was required. *See* 8 Moore's Fed.Practice, Criminal Rules, § 17.07. We cannot say that the trial court was clearly in error when he concluded the subpoena duces tecum was neither unreasonable or [sic] oppressive.

The reason given by the district court for refusing to compel the production by the law firm of nonprivileged documents is insufficient to permit us to make a meaningful review thereof. Therefore, that portion only of the district court's order of October 20, 1987, is vacated and the case is remanded for further proceedings concerning the production of nonprivileged documents by the law firm.

---

4. See, *e.g.*, *United States v. McGrady*, 508 F.2d 13 (8th Cir.1974), *cert. denied*, 420 U.S. 979, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975); *cf.*, *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 n. 5, 71 S.Ct. 675, 678–679 n. 5, 95 L.Ed. 879 (1951)

(person served with subpoena may move to quash if unreasonable or oppressive).