## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Kevin James Gibbs

March 7, 1991

Case No. (Criminal) 64942

By JUDGE ROSEMARIE ANNUNZIATA

The defendant in this case is indicted in five counts on charges of robbery, display of a firearm in the commission of the robbery and abduction. In a pre-trial motion, defendant requested and obtained the issuance of a subpoena *duces tecum* to a third party pursuant to Rule 3A:12(b), Rules of the Supreme Court of Virginia. The subpoena, addressed to the Continental Federal Savings Bank, sought the following items:

> all documents, records, reports, statements, letters, recordings, or other writings or items relating to the robbery occurring at Continental Federal Savings Bank at 6300 Leesburg Pike, Falls Church, Virginia, on 18 December 1990.

The Commonwealth of Virginia moved to quash the subpoena *duces tecum* requested, citing *Farish v. Commonwealth*, 2 Va. App. 627 (1986). After oral argument on the motion on February 22, 1991, the court took the matter under advisement. The documents in question were also reviewed *in camera*.

Rule 3A:12(b) provides in pertinent part:

*For Production of Documentary Evidence and of Objects Before a Circuit Court.* A subpoena, upon notice to the adverse party, may be issued y the judge or the clerk and may also command the person summoned thereby to produce writings or objects described in the subpoena. Such subpoena may be issued on affidavit that such writing or other object is material to the proceedings and is in the possession of a person not a party thereto. The subpoena may direct that the writing or object be produced at a time before the trial or before the time when it is to be offered in evidence.

Rule 3A:12(c) has been construed by the Supreme Court of Virginia in *Farish v. Commonwealth, supra* and *Cox v. Commonwealth,* 227 Va. 324 (1984). In *Farish,* the Court held, "A subpoena *duces tecum* should not be used when it is not intended to produce *evidentiary materials* . . . ." *Farish v. Commonwealth,* 2 Va. App. at 630 (citing *Bowman Dairy v. United States,* 341 U.S. 214, 221 (1951)) (emphasis added).

In *Cox,* the Supreme Court underscored the relationship between Rule 3A:12(b) and the production of materials, evidentiary in nature." If material in the hands of third parties 'could be used at the trial,' they are the proper subject of a subpoena *duces tecum.*" *Cox v. Commonwealth,* 227 Va. at 328 (citing *Bowman Dairy Co. v. United States,* 341 U.S. at 221) (emphasis added).

*Bowman Dairy Co. v. United States,* cited by the Virginia Supreme Court in its decisions construing Rule 3A:12(b), is a case in which the federal counterpart to Virginia Rule 3A:12(b) is construed. It is particularly instructive.

In *Bowman Dairy,* the government had moved to quash a subpoena *duces tecum* requiring it to produce all materials provided to the government through solicitation or by voluntary informants which were to be offered as evidence in the trial, as well as all materials "relevant to the allegations or charges contained in said indictment, whether or not they might constitute evidence with respect to the guilt or innocence of any of the defendants . . . ." 341 U.S. at 217. The lower court denied the motion to

quash and found the government in contempt for refusing to produce the requested items for the defendant's inspection. *Id.* at 217.

The U. S. Supreme Court ruled that the trial court erred in holding the government in contempt for failing to produce the requested items because the subpoena *duces tecum* was partially invalid. *Id.* at 222. The Court noted that any materials in the government's possession may be subpoenaed "as long as they are evidentiary." *Id.* at 219, 221.

Tracing the history of the federal rule of criminal procedure governing the issuance of a subpoena *duces tecum*, the Court stated that the subpoena *duces tecum* was not intended to provide an additional means of discovery for the defendant. "Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials." *Id.* at 219. (Emphasis in the original). Therefore, the Court reasoned, the subpoena is proper only where the defendant requests the documents in a "good-faith effort to obtain evidence for use at trial." *Id.* at 219. The Court concluded that while "any document or other materials, *admissible as evidence*, obtained by the government by solicitation or voluntarily from third persons is subject to subpoena," the "catch-all request" of the subpoena was improper because the materials sought were not "intended to produce evidentiary materials." *Id.* at 221 (emphasis added).

In light of the holdings in *Farish*, *Cox* and *Bowman Dairy*, I conclude that the standard to be applied in determining the proprietary of a subpoena *duces tecum* in a criminal case is whether the documents sought are materials and can be used as evidence in the trial. Applying the analysis to the present case, I conclude that the materials sought by defendant and reviewed *in camera* disclose that only two groups of documents are material and are potentially admissible as evidence in the trial of this matter: (1) the photographs of the perpetrators of the crimes in question, taken by the Bank's surveillance camera; and (2) the teller settlement sheets which are used to identify discrepancies between total receipts and total disbursements for the day. These documents are properly subject to the subpoena *duces tecum*. The remaining materials, which include witnesses' statements, investiga-

tive report, and newspaper articles about the crime are not materials which could be admitted as evidence at trial. As to these documents, the Commonwealth's motion to quash is granted.