UNITED STATES of America,

v.

Donald EDWARDS, Defendant.

No. CRIM.01–190–(PLF).

United States District Court,
District of Columbia.

Feb. 27, 2002.

J. Patrick Rowan, Assistant U.S. Attorney, Washington, DC, for Government.

Richard Seligman, Washington, DC, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

In this criminal case, scheduled for trial beginning on March 18, 2002, defense

counsel has served a subpoena *duces tecum* on the Office of General Counsel of the Federal Bureau of Prisons seeking production of:

THE COMPLETE FEDERAL INSTITUTIONAL FILE pertaining to inmate *LAWRENCE THOMAS* (Fed.Reg. No.: 03051–000), including but not limited to any BANK ACCOUNT INFORMATION; including deposits, canteen withdrawals and other monetary transactions as well as drug testing, psychological evaluations, reprimands, notes by staff, and any behavior problems.

The person whose file is sought, Lawrence Thomas, previously has been identified as a cooperating witness who will testify for the government at trial.

The government has moved to quash the subpoena, arguing that the defendant is engaged in a "fishing expedition" by seeking the cooperating witness's entire prison file. Government counsel has reviewed the file and represents that it contains a "wide range of information, including highly personal medical records, information regarding separatees (other inmates who pose a threat of violence to the inmate), work performance evaluations, and other information that is beyond the scope of a subpoena *duces tecum*, and inadmissible ...." Motion to Quash Subpoena, at 1–2. The government also argues that the defendant's specific requests—for deposits, canteen withdrawals and other monetary transactions, as well as drug testing, psychological evaluations, reprimands, notes by staff, and any behavior problems—seek "irrelevant and inadmissible material." *Id.* at 2. The defendant opposes the government's motion to quash the subpoena, and argues that the information he requests is evidentiary and relevant, otherwise unavailable, necessary to trial, and required in a timely fashion. He relies on the Supreme Court's decisions in *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), and *Bowman Dairy*

*Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951). He also says he is rightfully entitled to the evidence he seeks under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ While a Rule 17(c) subpoena *duces tecum* is a legitimate device to obtain evidentiary material, it was never intended to be a broad discovery device going beyond that which is required either by Rule 16 of the Federal Rules of Criminal Procedure or by *Brady*. *See United States v. Hardy*, 224 F.3d 752, 755–56 (8th Cir.2000); *United States v. Dent*, 149 F.3d 180, 191 (3d Cir.1998). As the Supreme Court said in *Bowman Dairy*, Rule 17(c) "was not intended to provide an additional means of discovery;" materials may be subpoenaed under Rule 17(c) only if there is a "good-faith effort made to obtain evidence." *Bowman Dairy Co. v. United States*, 341 U.S. at 219–20, 71 S.Ct. 675. In this case, the government has represented on numerous occasions that it has complied with its obligations both under Rule 16 of the Federal Rules of Criminal Procedure and under *Brady*. *See, e.g.*, Transcript of November 1, 2001 Motions Hearing at 36–45.

■ In its motion to quash, government counsel has represented that it has reviewed the institutional file at issue and has produced two incident reports that may bear on the cooperating witness' character for truthfulness or untruthfulness under Rule 608(b) of the Federal Rules of Evidence. *Brady* goes beyond Rule 608(b), however, because it encompasses in its definition of "favorable evidence" any evidence that could be used to impeach a government witness. *See United States v. Bagley*, 473 U.S. 667, 676–77, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Whatever may be required by Rules 16 and 17 of the Federal Rules of Criminal Procedure or by Rule 608 of the Federal Rules of Evidence is always trumped by *Brady*, and the

courts in this jurisdiction look with disfavor on narrow readings by prosecutors of the government's obligations under *Brady*. *See United States v. Paxson*, 861 F.2d 730, 737 (D.C.Cir.1988).

▮▮▮ Rule 17(c) aside, the defendant is entitled under *Brady* at least to the following information with respect to Mr. Thomas or any other cooperating witnesses who may testify at trial:

(1) the existence and substance of all promises of immunity, leniency or preferential treatment, including any written plea agreements and transcripts of plea proceedings;

(2) relevant portions of presentence investigation reports (at least the statements of the cooperating witnesses, prior convictions and arrests and dispositions of prior charges, and any exculpatory or impeachment information); and

(3) the existence and relevant portions of any witness protection or psychiatric reports and polygraph test results because such information may contain information that shows bias or motive or otherwise affects the credibility of the witness.

*See United States v. Ramirez*, 54 F.Supp.2d 25, 33–34 (D.D.C.1999). To the extent that the government has not already disclosed such material either from its own files, the files of its agents or the institutional file that is the subject of this motion, it is directed to do so.

▮▮▮ Finally, the Court itself has reviewed the complete institutional file pertaining to inmate Lawrence Thomas. It does not appear to contain bank account information, including deposits, canteen

withdrawals or other monetary transactions.[1] As for other materials in the file, the government is directed to review the file yet again and determine whether it has fully met its *Brady* obligations as articulated in this Memorandum Opinion. Beyond that, the Court agrees that the subpoena sweeps too broadly and should be quashed.[2]

For all of the foregoing reasons, the government's motion to quash the subpoena *duces tecum* is GRANTED.

SO ORDERED.

---

1. The government should advise the Court promptly in a written submission under seal if it disagrees with this statement.

2. The government is directed to have the institutional file with it at the time of trial, however, in case the Court wishes to review it again in light of certain cross-examination the defense expects to undertake and has related to the Court under seal.