**UNITED STATES of America,**

v.

**Martrey Antwain NEWBY, Defendant.**

**No. 4:07–CR–51–FL.**

United States District Court,
E.D. North Carolina,
Eastern Division.

May 1, 2008.

---

**8.** I am not of course ruling on the scope of any other basis for waiver that may be presented later in the case.

Joshua B. Royster, U.S. Department of Justice, Raleigh, NC, for United States of America.

### *ORDER*

DAVID W. DANIEL, United States Magistrate Judge.

This matter is before the court on Defendant Martrey Antwain Newby's motion to compel. [DE–66]. In addition, Defendant filed an almost identical ex parte motion to issue pretrial subpoenas duces tecum. [DE–68]. The government has responded to Defendant's motion to compel. [DE–69]. Because the content of these motions are essentially the same, the court will consider them in tandem and they are now ripe for review.

### STATEMENT OF THE CASE

Defendant was charged in a six-count superceding indictment for five alleged sales of crack to a confidential informant in violation of 21 U.S.C. §§ 841 and 846. In the current motions, Defendant requests the court to issue subpoenas for or compel the production of the employment/personnel files of the four New Bern Police Department Officers involved in the investigations that led to the arrest of Defendant as well as all written standard operating procedures applicable to the New Bern Police Department's vice narcotics unit from 2006 until the present.

The court entertained a similar motion from Defendant requesting the court to issue subpoenas in January 2008 before the suppression hearing held on February 1, 2008. [DE–44]. The court denied Defendant's request for the court to issue subpoenas duces tecum with regard to the employment files for three New Bern Police Officers, among other requests, but granted Defendant's request for subpoenas ad testificandum for those officers. [DE–44].

### DISCUSSION

A. *Subpoenas/Motion to Compel for Employment/Personnel Files of Officers*

Defendant first requests that the court issue subpoenas for, [DE–68], or compel the production of, [DE–66], the employment/personnel files for four New Bern Police Officers involved in this case, including any evaluations, appraisals, complaints, disciplinary actions, censures, suspensions, demotions, terminations or adverse actions.

Under the Federal Rules of Civil Procedure, a defendant may issue subpoenas duces tecum for documents relating to his criminal prosecution. Fed.R.Crim.P. 17(c). However, Rule 17(c) is not intended to provide an additional means of pretrial discovery. *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951). The Supreme Court has established that in order for a subpoena to be properly issued under Rule 17(c), the moving party must demonstrate that the requested documents are (1) relevant, (2) admissible, and (3)

specific to the hearing about to occur. *United States v. Nixon*, 418 U.S. 683, 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

■ Defendant asserts that the employment/personnel files of the four New Bern Police Officers are relevant because any negative information contained therein could be used to impeach the officers. However, pursuant to *Brady* and its progeny, the government is required to disclose evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Brady*, 373 U.S. at 87, 83 S.Ct. 1194. The requirement includes disclosure of evidence that could potentially be used to impeach or discredit a government witness. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government has asserted that it is aware of its obligation to provide exculpatory evidence and will turn over any impeaching materials that it has not previously disclosed to Defendant one week prior to trial. Because the government already has an obligation to turn over impeachment evidence which would include records of any disciplinary action for its witnesses, Defendant's request to subpoena the employment/personnel files of the New Bern Police Officers is DENIED.

### B. *Subpoena/Motion to Compel for Standard Operating Procedures*

■ Next, Defendant requests the court to issue a subpoena for or grant a motion to compel production of the standard operating procedures of the New Bern Police Department's vice narcotics unit from 2006 until the present. Defendant asserts that this information is relevant in order to determine if the police officers' actions in this case are in accordance with New Bern Police Department policies. The court has already held a suppression hearing in this case regarding the photographic lineup and issued a memorandum and recommendation concluding that the photographic lineup was not impermissibly suggestive and recommending that Defendant's suppression motion be denied.

Nonetheless, the court finds that the written standard operating procedures for the New Bern Police Department could be relevant as impeachment evidence against the officers at trial. In addition, this type of evidence likely is not the type that would be provided as exculpatory under *Brady* and *Giglio*. Accordingly, the request to subpoena or compel production of the written standard operating procedures for the New Bern Police Department's vice narcotics unit from 2006 until the present is GRANTED to the extent that written standard operating procedures for the vice narcotics unit exist.

### C. *Motion for Status Conference*

Finally, Defendant requests a telephonic status conference pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure. [DE–67]. Defendant requests such a conference in order to discuss various pending matters, including the motion to compel production of evidence [DE–66], considered in this order, among other matters. To the extent that Defendant requests a conference regarding the motions currently pending before the undersigned and addressed in this order, the court concludes that the record is sufficient and a telephonic conference is unnecessary. Accordingly, Defendant's motion for a telephonic status conference is DENIED.

### CONCLUSION

For the reasons set forth above, the court **ORDERS** that:

(1) Defendant's request to subpoena or compel production of the employment/personnel files for the four New Bern Police Officers is **DENIED.** [DE–66, DE–68].

(2) Defendant's request to subpoena or compel the production of the written standard operating procedure for the New Bern Police Department from 2006 until the present is **GRANTED.** [DE–66, DE–68]

(3) Defendant's request for a telephonic status conference is also **DENIED.** [DE–67].