UNITED STATES of America,

v.

**MENDINUETA–IBARRO,**
**et al., Defendants.**

**No. 12 Cr. 379(VM).**

United States District Court,
S.D. New York.

July 18, 2013.

Kan Min Nawaday, United States Attorney Office, New York, NY, for United States of America.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On May 16, 2012, Brian Gilbert ("Gilbert"), along with several co-defendants, was indicted on charges of distributing and possessing with intent to distribute a controlled substance in violation of 21 U.S.C § 841(a)(1). On May 5, 2013, defense counsel for Gilbert filed a subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)") requiring the New York City Police Department ("NYPD") to present "any and all writings and records" related to the NYPD's contact with a particular confidential witness who, according to Gilbert, provided information relevant to this action. *See* NYPD Letter at Ex. 1, May 29, 2013, Dkt. No. 85.

In response, on May 29, 2013, the NYPD filed a motion to quash the subpoena under Federal Rule of Criminal Procedure 17(c)(2), arguing that compliance with the subpoena would be "unreasonable and oppressive." *Id.* at 1.

Gilbert filed a reply responding to the NYPD's request to quash the subpoena. *See* Gilbert Letter, June 3, 2013, Dkt. No. 89. Gilbert contends that he seeks the NYPD's documents because the Government has not been forthcoming with *Brady* materials that relate to the confidential witness in question. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The Government responded under seal to Gilbert's reply, arguing that this Court should quash the subpoena for the same reasons mentioned by the NYPD. *See*

United States Attorney's Office ("USAO") Letter at 1–2, June 12, 2012, Dkt. No. 90. The Government also rejects the defense's contention that it has not provided *Brady* material. It contends that, because Gilbert has joined his co-defendant Rafael Martinez's *Brady* request, Gilbert's separate *Brady* request is moot. *Id.* at 5.

## I. *LEGAL STANDARD*

■ Rule 17(c)(2) provides: "On motion made promptly, the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. Pro. 17(c)(2). In order for a subpoena duces tecum to survive such analysis, it must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon,* 418 U.S. at 700, 94 S.Ct. 3090. In addition, the evidence sought must be unattainable through means other than the Rule 17(c) subpoena, and the moving party must be unable to adequately prepare for trial without the materials sought. *Id.* at 699–700, 94 S.Ct. 3090.

## II. *DISCUSSION*

■ The NYPD argues that the subpoena is overbroad, and violates the Supreme Court's restrictions on the use of Rule 17(c) subpoenas as general "fishing expedition[s]" for evidence. *See United States v. Nixon,* 418 U.S. 683, 699–700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). It specifically contends that the subpoena, as worded, lacks specificity, and requests materials that are inadmissible, thereby failing two of the three *Nixon* prongs. The NYPD further notes that the materials sought by Gilbert are: (a) documents prepared by government agents protected from disclosure by Federal Rule of Criminal Procedure 16(a)(2); (b) witness statements protected from pre-trial Rule 17(c) subpoena by 18 U.S.C. § 3500(a); and (c) in the possession of the United States

Attorney's Office ("USAO") and should be sought through normal discovery under Federal Rule of Criminal Procedure 16 instead of by Rule 17(c) subpoena.

■ In order to avoid speculation that the moving party is using Rule 17(c) to circumvent normal discovery requirements, the party's Rule 17(c) subpoena "must be able to 'reasonably specify the information contained or believed to be contained in the documents sought' rather than 'merely hop[e] that something useful will turn up.'" *United States v. Louis,* No. 04 Cr. 203, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (*citing United States v. Sawinski,* No. 00 Cr. 499, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000)). Subpoenas seeking "any and all" materials, without mention of "specific admissible evidence," justify the inference that the defense is engaging in the type of "fishing expedition" prohibited by *Nixon. See Louis,* 2005 WL 180885, at *5. And when ruling as to whether a Rule 17(c) subpoena is sufficiently specific, the onus lies on the court "to cull the good from the bad" by modifying or quashing the subpoena, not on the party being served. *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951).

Gilbert contends that the "stringent requirements of *Nixon* do not apply" when a defendant needs the requested information for a fair trial, especially if that material is required to be turned over under *Brady* or *Giglio. See Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). He also maintains that the NYPD's documents should be viewed not as those prepared by a government agent, but as third-party materials. Classifying them thus would prompt analysis of the subpoena under a more relaxed standard of permissibility under Rule 17(c). *See* Gilbert Letter at 3. Gilbert then lists several reasons why the information subpoe-

naed is necessary to his defense, reasons that consist entirely of different forms of impeachment of the confidential witness. *Id.* at 4.

In addition, Gilbert alleges that the Government generally has not met its requirement to turn over *Brady* material. However, because Gilbert has joined his co-defendant Rafael Martinez's *Brady* request, with which the Government has complied and plans to comply with in the future, Gilbert's *Brady* request is moot. The Government contends that it is aware of its *Brady* responsibilities and has already made a good faith effort to provide *Brady* material. It insists further that it, and not the NYPD or Gilbert, is in the best position to determine what should or should not be turned over as *Brady* material, and will do so should any become available to it in the future.

█ Gilbert argues that the evidence requested would be admissible "as an admission; as to the informant cooperator's reputation concerning personal or family history" and as information about the witness's relationship with law enforcement. Gilbert Letter at 4. Yet this evidence constitutes witness impeachment material. And, as pointed out by the NYPD, "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701, 94 S.Ct. 3090.

In addition to the general limitations on Rule 17(c) subpoenas from *Nixon*, various rules and case history preclude the disclosure of certain types of material sought by Gilbert in his subpoena. Federal Rule of Criminal Procedure 16(a)(2) ("Rule 16(a)(2)") protects from subpoena any reports made by government agents during the course of an investigation or prosecution. In addition, Title 18 Section 3500 of the United States Code ("Section 3500") bars the disclosure of any witness statement before trial.

Rule 16(a)(2) states that discovery proceedings do not authorize the discovery of reports, memoranda, "or other internal government documents" made by any "government agent in connection with investigating or prosecuting the case." Fed R. Crim. P. 16(a)(2). Gilbert argues that, because the documents he seeks were produced by the NYPD, and not by a *federal* agent in connection with his investigation, Rule 16(a)(2) does not apply. He invokes cases in which subpoenas compelling the release of such material were upheld, and argues that the NYPD is more akin to a "third party" non-litigant than a government agent. These cases include subpoenas served on non-party correctional facilities, *see United States v. Von Tucker,* 249 F.R.D. 58, 61 (S.D.N.Y. Feb.7, 2008), and private doctors and billing companies, *see United States v. Nachamie,* 91 F.Supp.2d 552, 563–64 (S.D.N.Y.2000). But in both cases, the documents sought included no witness testimony, and were not prepared by law enforcement agents in the course of an investigation or prosecution.

In this case, a subpoena was served on a local law enforcement office aiding in a federal investigation. In *United States v. Savoca,* the court, noting a similarly high level of collaboration between local and federal law enforcement, found that the local law enforcement officers constituted "other agents" within the meaning of Rule 16(a)(2). No. 03 Cr. 841, 2004 WL 1179312, at *2–3 (S.D.N.Y. Mar. 29, 2004). The Court agrees that in this case the NYPD should be considered "other agents" within the meaning of Rule 16(a)(2), protecting the documents in question from subpoena.

One of the very cases Gilbert relies on in furthering his claim that the NYPD is a third party explicitly cites Rule 16(a)(2) for the proposition that discovery and Rule 17(c) do "not require disclosure of state-

ments made by government witnesses." *United States v. Von Tucker*, 249 F.R.D. 58, 61 (S.D.N.Y.2008). Even if this Court were to find that the NYPD is more akin to a third party than a government agent, Gilbert still must contend with Section 3500.

Under this rule, no witness statement "shall be the subject of subpoena ... until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Although Gilbert claims that the subpoena does not seek any witness statements, the "any and all" language of the subpoena would encompass such statements were the subpoena not modified or quashed.

The Court finds that Gilbert's 17(c) motion is "unreasonable or oppressive" as defined by Rule 17(c)(2) and *Nixon*. As discussed above, the subpoena lacks the requisite specificity and requests materials that may never be admissible. Where the subpoena mentions specific materials to be turned over, it requests materials that are either statutorily protected from pre-trial disclosure or insufficient to justify the use of a 17(c) subpoena. Finally, because none of the material sought by the defense provides proper grounds for issue of a 17(c) subpoena, the Court finds that no in camera review is necessary.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 85) of the New York City Police Department to quash the subpoena issued by defendant Brian Gilbert in this case pursuant to Federal Rule of Criminal Procedure 17(c)(2) is **GRANTED**.

**SO ORDERED.**