**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br>           Defendant. | Criminal Action No. 23-257 (TSC) |

**OPINION AND ORDER**

The court previously ordered that motions to compel and motions for Rule 17(c) subpoenas would be due on November 9, 2023. *See* Opinion and Order, ECF No. 82. Defendant now seeks to extend those deadlines. Motion for Extension of Time to File Pretrial Motions Related to Discovery and Subpoenas, ECF No. 129 ("Motion"). Specifically, Defendant requests (1) that motions for Rule 17(c) subpoenas be due February 9, 2024; and (2) that motions to compel be due on a rolling basis, within ten days of the parties meeting and conferring with respect to discovery requests as they arise, based on "discovery the prosecution has not yet produced, or which President Trump has not currently reviewed." Motion at 1. "At any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). The court's discretion to do so is broad. *See* Fed. R. Crim. P. 12 advisory committee's note to 2014 amendment; *cf. Morris v. Slappy*, 461 U.S. 1, 11 (1983). The court will GRANT in part and DENY in part the Motion.

Defendant offers several arguments in support of his Motion. First, he argues that the government's discovery production is not well organized, citing the fact that the emails therein are not compiled with their attachments and replies. Motion at 3–4. Second, he argues that the discovery is voluminous and continues to be provided on a rolling basis, making it difficult if not

impossible to raise motions before the current deadline. *Id.* at 4–5. And third, he asserts that allowing later Rule 17(c) subpoenas will be more efficient than seeking the same documents during trial. *Id.* at 5–6. Defendant also repeats his view that additional time is needed to preserve his rights to due process and effective assistance of counsel. *Id.* at 6–7.

Most of those arguments are unpersuasive. First, the government points out that the sole organizational defect cited by the defense was actually a best practice—rather than compiling the email materials themselves, the government provided those materials in a format that would easily allow the defense to compile them in their preferred manner, *see* Opp'n to Motion, ECF No. 137, at 4—a point to which the defense does not respond, *see* Reply in Support of Motion, ECF No. 144. Second, the court has already considered the volume of discovery materials multiple times in this case and concluded that the schedule it set would be appropriate given, for example, the early production of organized discovery, the quantity of materials that were duplicative or to which the defense already had access, and Defendant's resources in reviewing those materials. *See, e.g.*, Tr. of Aug. 28, 2023, Status H'rg, ECF No. 38, at 9–24, 28–31. And in the interests of justice, the court must weigh—as it has—any requests for additional time to review those materials "against the disadvantages of backloading the pretrial schedule." Op. and Order, ECF No. 82, at 5.

Defendant's requested deadline of February 9, 2024 for motions for Rule 17(c) subpoenas illustrates the problems inherent in additional delay. On that schedule, those motions would not be ripe until March 1, 2024, three days before the trial is scheduled to begin—after which the court would have to rule, the subpoenas (if any) would have to issue, the materials would have to be produced, and Defendant would have to review them, all of which could take considerable time, which would frustrate Rule 17(c)'s purpose "to expedite the trial by providing

a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) (citation omitted). That said, the court will permit one more partial extension of the deadline for motions for Rule 17(c) subpoenas of about a month. That will still allow those motions to be briefed and decided, and any subpoenaed materials to be produced and reviewed before the scheduled trial.

With respect to motions to compel, the court will permit a deadline extension of about two weeks. As Defendant requests, this will permit the parties to further confer regarding any outstanding discovery requests, and will allow him time to file motions with respect to any unresolved disputes. *See* Motion at 1–3. After that deadline, Defendant may seek leave to file any additional motions for good cause—for instance, if the motions are related to discovery produced by the government following that deadline. That will preserve Defendant's right to raise motions with respect to all government discovery. *See id.* at 5.

Accordingly, Defendant's Motion for Extension of Time to File Pretrial Motions Related to Discovery and Subpoenas, ECF No. 129, is hereby GRANTED in part and DENIED in part. It is hereby ORDERED that the deadlines set forth in the court's Pretrial Order, ECF No. 39, and the court's Opinion and Order, ECF No. 82, are AMENDED as follows:

Motions to compel shall be filed by November 27, 2023; any oppositions to those motions shall be filed by December 11, 2023; and any replies in support of those motions shall be filed by December 18, 2023.

Motions for Rule 17(c) subpoenas shall be filed by December 13, 2023; any oppositions to those motions shall be filed by December 27, 2023; and any replies in support of those motions shall be filed by January 3, 2024.

Following these deadlines, Defendant may request leave to late-file a motion for good cause, and the court will consider that request.

Date: November 7, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge