**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5150**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KYLE MATTHEW MCDONALD,

        Defendant – Appellant,

   and

M.J. WOODS,

        Party-in-Interest.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:10-cr-00029-JCC-1)

———————

Submitted: August 18, 2011      Decided: August 30, 2011

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James S. Abrenio, Peter D. Greenspun, GREENSPUN, SHAPIRO, DAVIS & LEARY, P.C., Fairfax, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Morris R. Parker, Jr.,

Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyle Matthew McDonald appeals his conviction and thirty-month sentence for two counts of making threatening communications in violation of 18 U.S.C. § 875(c) (2006). He argues on appeal that the district court erred in granting the Government's motion to quash certain subpoenas, that insufficient evidence supported his convictions, that the district court erred in denying certain proposed jury instructions, and that the court imposed an unreasonable sentence. Finding no error, we affirm.

McDonald's conviction stemmed from telephone conversations he had with family members while serving a jail term for repeated violations of a protective order. McDonald, had been convicted of stalking in Virginia court for his conduct toward his former girlfriend, Laura Chavez. In recorded phone calls to his father, mother, and sister, he stated his intent to harm or kill Chavez. He said, for example, that "[Chavez] is right now on my death list. . . . The first thing I'm [doing] when I get out of here is going after her." He further stated "I will mow people down. . . . Any one around her is going down . . . I walk into her party, I'm taking out everyone at the party." Later, he told his father "I'm killing the b****. I have offered so many good solutions and she . . . needs to admit she did something wrong." When he was warned by his father that

3

he could get fifteen years of prison time for his statements, McDonald responded, saying "fine, if I get fifteen more years, when she has eight-year-old kids or nine-year-old kids and I kill them too.  So what."

A jury convicted McDonald of making interstate threats and he ultimately received a thirty-month sentence.  This appeal followed.

I.    Motion to Quash Subpoenas

Prior to trial, McDonald filed subpoenas duces tecum commanding Arlington County, Virginia, Detective M.J. Woods to produce "any and all records, notes, files, memorandum and/or documents in any form . . . regarding Kyle Mathew McDonald."  He similarly filed a subpoena seeking the same information from the Arlington County Witness/Victim Office.  The Government moved to quash both and the court granted the motion.

To compel production, the Supreme Court has required that subpoenas cover (1) relevant evidentiary materials or documents; (2) that are not otherwise procurable by exercise of due diligence; (3) without which the party cannot properly prepare for trial; and (4) which is not intended as a fishing expedition.  United States v. Nixon, 418 U.S. 683, 699-700 (1974).  Stated more simply, Nixon requires that a party seeking pretrial production of documents demonstrate (1) relevancy, (2)

4

admissibility, and (3) specificity with respect to the documents. In re Martin Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988). Additionally, Rule 17 subpoenas are not a substitute for discovery. As the Supreme Court has emphasized, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951); see Nixon, 418 U.S. at 698.

We have reviewed the subpoenas in this case, and we easily conclude that they are overbroad and unspecific. The district court properly found that McDonald was using the subpoenas to engage in a fishing expedition, and we find no error in the court's granting of the motion to quash.

## II. Sufficiency of the Evidence

McDonald next argues that the evidence was not sufficient to convict him of making true threats. We review de novo challenges to the sufficiency of the evidence supporting a jury verdict. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any

5

rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). We review both direct and circumstantial evidence, and accord the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In reviewing for sufficiency of the evidence, we do not review the credibility of the witnesses, and assume that the jury resolved all contradictions in the testimony in favor of the government. Kelly, 510 F.3d at 440. We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

In order to prove a violation of 18 U.S.C. § 875(c), "the government must establish that the defendant intended to transmit the interstate communication and that the communication contained a true threat." United States v. Darby, 37 F.3d 1059, 1066 (4th Cir. 1994). The government need not show that the speaker actually intended to carry out the threat. See Virginia v. Black, 538 U.S. 343, 360 (2003); Darby, 37 F.3d at 1064 n.3 (a violation of 18 U.S.C. § 875(c) is not a specific intent crime and "the government need not prove intent (or ability) to carry out the threat").

6

To determine whether a communication is a threat, the communication must be viewed in the context in which it is received. See Watts v. United States, 394 U.S. 705, 708 (1969) (a statement that was made in jest in the context of a public political debate, expressly conditioned on an event that would never happen, is not a true threat); United States v. Spruill, 118 F.3d 221, 228 (4th Cir. 1997) (when considering whether a statement is a threat, "[c]ontext is important"). The expression must be viewed using an objective standard – that is, whether "an ordinary, reasonable person who is familiar with the context of the communication would interpret it as a threat of injury." United States v. Spring, 305 F.3d 276, 280 (4th Cir. 2002) (internal quotation marks and alterations omitted);[*] Darby, 37 F.3d at 1064.

Here, we conclude that the jury properly found the statements in question to be true threats. The statements were not made in jest, nor were they communicated to a large audience, or political in nature, or conditioned on an event that would never happen. Accordingly, the court properly denied

---

[*] McDonald concedes that a violation of § 875(c) is not a specific intent crime based on the laws of this circuit. Nevertheless, he argues that this court should alter its standard and hold that a conviction under § 875(c) requires a showing of specific intent. It is axiomatic that a panel of this court may not overrule the holding of a prior panel. See United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005).

McDonald's motions for judgment of acquittal and for a new trial.

### III. Jury Instructions

Next, McDonald argues that the court should have granted his proposed jury instructions. He first claims that the court should have instructed the jury that, if found not guilty by reason of insanity, he would be committed to a mental institution for treatment until he could show that he was no longer a danger to the public. He also argues that the court should have instructed the jury that making interstate threats is a specific intent crime.

We review jury instructions in their entirety and as part of the whole trial to determine whether the district court adequately instructed the jury on the elements of the offense and the accused's defenses. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995). Both the decision whether to give a jury instruction and the content of that instruction are reviewed for abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). The denial of a requested jury instruction is reversible error only if the proposed instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested

8

instruction seriously impaired the defendant's ability to conduct his defense." Id. at 221 (internal quotation marks omitted).

With respect to the instruction regarding the consequences of a verdict of not guilty by reason of insanity, we find no error. This court has never required such an instruction, and such an instruction "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Shannon v. United States, 512 U.S. 573, 579 (1994). Indeed, there was no suggestion in the record that the jury believed that McDonald would be set free upon a verdict of not guilty by reason of insanity.

Turning briefly to the instruction that a violation of § 875(c) is a specific intent crime, McDonald acknowledges that his claim lacks support in the law of this circuit. A panel of this court may not overrule the holding of a prior panel. See Collins, 415 F.3d at 311. His claim therefore lacks merit.

IV. Sentencing

McDonald claims sentencing error in three respects: he argues he should have received a downward adjustment for accepting responsibility; that he should have received a downward departure for diminished capacity; and that he should

9

have received a downward departure because his criminal history category (IV) substantially over-represents the seriousness of his criminal history.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory Guideline Range, we must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Initially, we conclude McDonald is not eligible for an adjustment for accepting responsibility. He put the Government to its burden of proof at trial, and although he claims on appeal that he acknowledged his "factual" guilt, that claim lacks support in the record. In addition to pleading insanity,

McDonald tried to show that his words were merely acts of frustration, and not truly threats.  In other words, he did not admit his guilt, and the adjustment is inappropriate.

We conclude the same with respect to his requests for a downward adjustment for diminished capacity.  The district court specifically found that McDonald poses a risk to the public because the offense involved a serious threat of violence.  We decline to disturb that finding, and in such circumstances, the Guidelines do not permit a downward adjustment for diminished capacity.  See U.S. Sentencing Guidelines Manual § 5K2.13 (2009).

Finally, we conclude that the district court did not err in denying the request for a downward departure on the basis of McDonald's criminal history.  The court concluded that McDonald's convictions were recent and serious.  Specifically, he was convicted of stalking and then had three subsequent convictions for noncompliance with a restraining order.  While he was serving a term of imprisonment for those offenses, he committed the instant offense.  In these circumstances, we decline to find error in the district court's conclusion that McDonald's criminal history category did not over-represent the seriousness of his criminal history.

We therefore affirm the judgment of the district court.  We dispense with oral argument because the facts and

11

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>